of Lapeer, as the opinion of this Court, that the writ of attachment, and all the proceedings had under it, are void and of no effect.

The other Justices concurred.

———•••———

### James P. Scott and Others vs. Moses W. Scott and Another.

A case in error, which had been dismissed for want of prosecution, re-instated on terms, on affidavit of merits, and of a verbal agreement with counsel for defendant in error, giving time; and this, though the verbal agreement was denied.

*Heard and Decided May 19th.*

Error to Kent Circuit.

On an early day of the present term the case was dismissed, on ex parte motion, for want of prosecution—no assignment of errors having been filed. Return to the writ of error was made in 1855.

*G. V. N. Lothrop* now moved to re-instate the case. He read an affidavit, showing that the writ of error was brought in good faith, and in the belief that the judgment below would be reversed; that assignment of errors had not been filed, for the reason that negotiations for a settlement had been going on between the parties, and that the attorney for plaintiffs in error had had a verbal understanding with the attorney for defendants in error, that assignment of errors need not be filed until the latter had notified the former to file it, and that no such notification had been given.

*C. I. Walker* opposed the motion, on an affidavit of the attorney for defendants in error, in substance denying the understanding claimed, and stating that, before the last term, he had notified the attorney for plaintiff in error to proceed in the cause. And Mr. Walker relied upon Rule 6 of the

SWEETZER vs. MEAD.

Court, requiring agreements between parties, or their attorneys, to be in writing.

Mr. *Lothrop*, in reply claimed that where, as in this case, there had been a misunderstanding between parties, it was an ordinary exercise of the power of the Court to relieve a party who had acted in good faith, against the consequences.*

THE COURT granted the motion, on payment of ten dollars costs, and the filing and service of assignment of errors within three days; and ordered the cause to be placed upon the docket, for hearing at the present term.

───── •-•-• ─────

### Frederick Sweetzer and Others vs. John C. Mead and Nelson B. Nye.

When a cause is tried in the Circuit Court without a jury, and no exceptions are taken to the legal rulings upon which the Court arrives at its application of the facts and evidence, and no case, made under the statute, is brought before the Supreme Court, that Court is not at liberty, when the case is before it by writ of error, to examine into the propriety of [anything in the decision of the Court below, based upon its finding of facts, but must take its conclusions as founded upon the law and evidence.

Where plaintiffs claimed personal property under a chattel mortgage, and defendants justified under executions and attachment against the mortgagors, who were partners, and the evidence tended to show that there was no manual delivery of the mortgage to plaintiffs (who did not reside in the State), but that the mortgagors were indebted to plaintiffs in more than the amount of the mortgage, and plaintiffs offered in evidence a letter to them from one of the mortgagors, in the name of the firm, written some time before the levy of the executions and attachment, informing them of the execution of the mortgage; — *Held*, That such letter was proper evidence, as tending, in some degree, to prove that the true intent of the mortgage was to secure an actual indebtedness to plaintiffs, and not to make a mere cover of the transaction.

A chattel mortgage need not be under seal, and a partner can make it for the copartnership. If he does so, and adds a seal, the seal does not take away his authority, or in any way change the force of the instrument.

Where, in replevin against two, the Court finds that each of the defendants has an independent lien, to a specified amount, on the property in controversy, it is erroneous to render a joint judgment in their favor, for the value of the property.

*Heard May 7th. Decided May 20th.*

\* See *Wager vs. Stickle*, 3 *Paige*, 407.