## The Muskegon Booming Company v. Albert Dickerman, Circuit Judge of Muskegon County.

### *New trial—Deposition—Mandamus.*

*Mandamus* will not lie to vacate an order directing that a commission issue to take the deposition of a witness on a motion for a new trial, under How. Stat. § 7766, which provides that when there shall be a motion or other proceeding in any court of record, in which it shall be necessary for either party to have the deposition of any witness who shall have refused voluntarily to. make his deposition, the court may direct a commission to be issued to·one or more persons, inhabitants of the county in which the witness resides, to take his testimony.[1]

*Mandamus.*   Order to show cause denied June 13, 1893.

Relator, who was the defendant in a suit in the circuit court of Muskegon county, recovered a judgment therein. The plaintiffs made a motion for a new trial, and, after noticing the motion for hearing, presented a petition to the court, setting forth said facts, and averring that for the purposes of the motion it was necessary to have the deposition of one Brakeman, who had refused voluntarily to make his deposition in that behalf, and praying the court to direct a commission to be issued to one Soper, an inhabitant of the county of Muskegon, to take the testimony of Brakeman, who resided in the same county.   An order was made that a commission issue, and the relator applied for a *mandamus* to compel respondent to vacate the order, he having refused to do so on motion.

*Smith, Nims, Hoyt & Erwin,* for relator.

Per Curiam.   An order to show cause is denied.   *Man-*

---

[1] See note to *Stringer v. Dean,* 61 Mich. 202 .

*damus* will not lie to vacate an order for the issuance of a
commission to take the deposition of a witness on a motion
for a new trial, under How. Stat. § 7766.