## STOCKBRIDGE ELEVATOR CO. *v.* BOOTH.

1. EVIDENCE—PAROL EVIDENCE RULE—CONTRACTS.

   Plaintiff, after purchasing a car load of rye from defendant by telephone, sent a confirmation of the sale, stating, among other terms, that weight and grade were guaranteed by the defendant, who proceeded to ship the merchandise according to directions   Payment was made and accepted.   The weight and grade proving deficient, plaintiff brought action on the guaranty.   Defendant offered evidence of the conversation over the telephone, for the purpose of modifying the effect of the guaranty clause.   *Held,* that the contract was written and unambiguous and that parol evidence to vary or contradict its terms was incompetent and properly excluded.

2. SAME — SECONDARY EVIDENCE — COLLATERAL SUBJECTS — DAMAGES.

   Secondary evidence of the terms under which plaintiff resold the rye was admissible. as it affected a contract collateral to the issue, and had a tendency to prove only one element of plaintiff's damages.

3. SAME.
> And the phrase in such confirmation of the sale, "Our terms with you as usual," was properly construed by the trial court to have referred to the conditions of payment.

Error to Lapeer; Smith, J.  Submitted January 18, 1911.  (Docket No. 109.)  Decided March 31, 1911.

Assumpsit in justice's court by the Stockbridge Elevator Company against Robert Booth.  Defendant appealed to the circuit from a judgment against him.  A judgment for plaintiff on a verdict directed by the court is reviewed by defendant on writ of error.  Affirmed.

*Herbert W. Smith*, for appellant.

*B. F. Reed* and *A. H. Perkins*, for appellee.

McALVAY, J.  Plaintiff is a Michigan corporation having its business office at Jackson.  Defendant did business at Dryden, Mich.  Both parties were engaged in the business of buying and selling grain, and from time to time had business dealings with each other.  This suit is brought to recover damages for a breach of warranty by defendant as to the grade of a car load of rye sold by him to plaintiff.

The facts relating to this sale are:  That defendant having rye for sale wrote to plaintiff as follows:

"DRYDEN, MICH., Aug. 16, 1905.
"*Gentlemen:*  If you want a car of strictly number two rye, call me up in the morning or wire me your best offer.  It is in good shipping condition, thoroughly dry.
"Yours respectfully,
"ROBERT BOOTH."

After receiving this card, Mr. Shelden, secretary of plaintiff company, on the following day called defendant by telephone, as requested, and a purchase of the car of rye was arranged.  On the same day plaintiff filled out and mailed to defendant a blank "confirmation of pur-

chase" used by plaintiff for such purpose. Omitting the formal parts, it reads:

"We confirm purchase of you this day by phone, 1 car number two rye at 57½ f. o. b. your station, less weighing and inspection fee 50c, weight and grade guaranteed by you at destination, shipment within 10 days. You may draw bill of lading attached, or we will send check for value of car less, to cover any contingencies. Balance to be remitted when car is unloaded. Our terms with you as usual.

"Shelden.

"If the above is not in accordance with your understanding, wire or telephone us immediately.

"Stockbridge Elevator Co.,

"Per Shelden."

This was received by defendant on the day after, together with written shipping instructions, and defendant immediately loaded and shipped the car of rye according to such instructions, and forwarded the bill of lading and invoice to plaintiff. This invoice was paid to defendant by plaintiff by check of $485.68, dated August 19th, which was the date of the invoice. This car was sold by plaintiff the day it was purchased. On arrival in Pittsburg, the destination, to which it was shipped by defendant, it was rejected as under grade. Defendant was notified of that fact, and later was notified that the car could not be disposed of in Pittsburg, and he was requested to handle it and give another car. Defendant did nothing in regard to the matter, and finally the car was sold by plaintiff in Baltimore, and plaintiff settled with its vendee, at a loss of $124.23. Defendant refused to settle, and suit was brought in justice's court, where defendant pleaded the general issue, and no question of fraud or mistake was raised. Plaintiff recovered a judgment. On the trial in the circuit court, to which defendant appealed, a verdict for plaintiff was instructed by the court, for the amount claimed. The facts stated are not disputed.

The errors relied upon by defendant are: *First*. That he should have been permitted to testify to the conversa-

tion between the parties over the telephone at the time of the sale. The contention of the defendant is that this should have been allowed for the purpose of explaining the clause in the confirmation of purchase, "Weight and grade guaranteed by you at destination." It was claimed that the clause in the writing, "our terms with you as usual," required explanation by showing former dealings between the parties. The court construed this word "terms" to refer to the condition of payment, and refused to allow defendant to show the terms of other transactions. The record shows that all of these offers were in fact made to contradict the guaranty clause. It is undisputed that this writing was received and accepted by defendant without comment or objection.

The question first presented is whether it is of such a character that no parol evidence is admissible to vary or contradict it. Plaintiff claims that this is a written stipulation between the parties which cannot be varied or modified by parol evidence. The trial court accepted this construction, and we are in accord with such conclusion. From the facts of this case, it appears that no binding agreement was made between the parties in the conversation over the telephone. The written confirmation by the purchaser, received, accepted, and acted upon by defendant, made this a valid, enforceable sale. It is more than a mere memorandum. It is complete as to the subject-matter, quality, price, time of shipment, and both grade and quality guaranteed by defendant at destination; everything is mentioned, except time of payment, about which there can be no question raised, for the reason that payment in full was made at once and accepted by defendant. The entire undertaking was fully executed by both parties. There was no ambiguity as to any of its terms. The record shows that the sole object of introducing the testimony relative to the conversation over the telephone was to contradict and vary the unambiguous clause, "Weight and grade guaranteed by you at destination." This court in a very similar case has held that this can-

not be done.    *Cohen* v. *Jackoboice*, 101 Mich. 409 (59 N. W. 665), and cases cited and digested.

*Second.* Error is assigned upon the admission of secondary evidence to show the terms of the written contract of sale between plaintiff and its vendee.    The contract in question was collateral to the issue and was only important for the purpose of proving one element of plaintiff's damages.    This evidence was admissible.    1 Greenleaf on Evidence (16th Ed.), § 89; *Foster* v. *Railway Co.* (C. C.), 56 Fed. 434.

*Third.* That the court erred in refusing to allow an explanation of the confirmation of purchase.    We have already held that this writing was such a one as comes within the rule that its terms cannot be contradicted or varied by parol evidence, and have covered most of the matters here discussed.    It is claimed that, because this was partly printed and partly written, there is a conflict between the written and printed parts which required explanation, etc.    There is no ambiguity or conflict between the writing and printing of this instrument, and we agree with the court in the construction of the clause, "Our terms with you as usual."    There appears to be no error in the case.

The judgment is affirmed.

OSTRANDER, C. J., and BIRD, HOOKER, and MOORE, JJ., concurred.