FOLEY v. GRAND RAPIDS & INDIANA RAILWAY CO.

1. ATTORNEY AND CLIENT — CONTRACT — COMPROMISE WITHOUT CONSENT OF ATTORNEY—COMPENSATION.

Parol evidence was not admissible, in a personal injury action which the client compromised without the consent of his attorneys, and which was thereafter prosecuted by the attorneys for their fees, to show that a written instrument executed by plaintiff and defendant purporting to be a settlement of the entire cause of action, was actually a settlement of an undivided half of plaintiff's claim.

2. SAME—LIEN—CONTRACT.

Under a contract giving the attorneys a lien on the moneys obtained by any settlement without depriving the client of the right to enter into a compromise against their consent, as soon as the amount of settlement was agreed upon, the attorneys became entitled to the percentage thereof fixed by the instrument.

3. SAME—TENDER—PAYMENT INTO COURT.

Judgment was properly directed for defendant who had tendered and paid into court the correct sum due plaintiff's attorneys.

Error to Cheboygan; Shepherd, J. Submitted December 15, 1911. (Docket No. 109.) Decided February 10, 1912.

Case by James Foley against the Grand Rapids & Indiana Railway Company for personal injuries,—prosecuted for the benefit of plaintiff's attorneys after settlement, to satisfy their lien. Judgment for plaintiffs for less than the amount claimed, upon a verdict directed by the court. Plaintiffs bring error. Affirmed.

*Benjamin & Quay* (*De Vere Hall*, of counsel), for appellant.

*James H. Campbell*, for appellee.

BLAIR, J. The writ of error in this case is prosecuted to review the judgment of the circuit court, entered upon a directed verdict upon the trial of the issue, framed in accordance with the opinion of this court in *Grand Rapids, etc., R. Co.* v. *Cheboygan Circuit Judge*, 161 Mich. 181 (126 N. W. 56, 137 Am. St. Rep. 495).

There are two questions requiring consideration, viz.: (1) Did the court err in holding that parol evidence was not admissible to show that the agreements, printed at pages 183, 184 of 161 Mich. (126 N. W. 57, 137 Am. St. Rep. 495), were in truth and in fact intended to be, and actually were, not a settlement of Foley's entire cause of action, but only of his undivided one-half interest therein ? (2) That plaintiffs, under their lien, were entitled to the same amount which Foley received.

1. The offered testimony was not limited to showing the consideration of the contract merely, but sought to change the scope and effect of the contract, and to cast upon the defendant an obligation which the contract did not require of it. The court properly rejected such testimony. *Kibler* v. *Caplis*, 140 Mich. 28 (103 N. W. 531, 112 Am. St. Rep. 388); *Tradesman Co.* v. *Manufacturing Co.*, 147 Mich. 702 (111 N. W. 343, 112 N. W. 708); *Stockbridge Elevator Co.* v. *Booth*, 165 Mich. 212 (130 N. W. 619); *International Text-Book Co.* v. *Marvin*, 166 Mich. 660 (132 N. W. 437); *Sheffler* v. *Sherman*, 167 Mich. 42 (132 N. W. 466); 17 Cyc. p. 661, subd. "i."

2. Under his agreement with his attorneys (see 161 Mich., at page 185 (126 N. W., at page 57, 137 Am. St. Rep. 495), Foley was entitled to make a settlement without the consent, and even against the opposition, of his attorneys. And, in the event of such settlement, "second parties shall have a lien on any * * * money that may be obtained from said railroad company." By the very terms of the agreement, therefore, the moment the amount of the settlement was agreed upon, the attorneys'

lien attached thereto at the percentage fixed by their agreement with their client.

The defendant having paid into court one-half the amount of the settlement and costs then a proper charge, the court did not err in directing a verdict in its favor.

The judgment is affirmed.

STEERE, BROOKE, STONE, and OSTRANDER, JJ., concurred.