# JUNE TERM, 1915.

## C. J. HUEBEL CO. v. MacKINNON.

1. STIPULATIONS — ORAL ARRANGEMENT — DISMISSAL — EQUITABLE RELIEF.

    Under the provisions of Circuit Court Rule 39, relating to agreements between attorneys and requiring the same to be in writing, the court of equity may, in a proper case, relieve the party who has in good faith relied upon and acted on an alleged agreement of opposing counsel for a settlement and discontinuance of the law suit.

2. REPLEVIN—DISCONTINUANCE — STIPULATIONS — COMPROMISE AND SETTLEMENT.

    The ordinary issues of a replevin action do not include or permit the trial of an alleged settlement after the institution of an action.

3. ACCOUNTING — EQUITY — JURISDICTION — ADEQUATE REMEDY AT LAW.

    Where complainant contracted with the defendants for transportation by water of a quantity of cedar posts and other lumber, and as an advancement on the purchase price complainant paid a portion of the agreed freight for one cargo, also making additional advancements upon account for expenses of loading, etc., and it appeared that the defendants shipped the cargo of posts which they delivered at complainant's dock on board boat and made a claim for an excessive charge of freight, threatening to take away the boat, which was in an unseaworthy condition at the time, and complainant instituted an action of replevin to prevent defendants from carrying out their threat, and that on the morning after the execution of the writ the barge sunk in the river at its moorings, that, as claimed by complainant but contradicted by defendant, the parties made a settlement at

(617)

this stage of the proceedings by complainants' paying to defendants the sum of one hundred dollars in excess of the amount of freight which it was under obligation to pay, and actually made such settlement; that defendants refused to execute the discontinuance of its suit in replevin and that defendants claimed a further balance due and proposed to proceed to the trial of the issue in that cause; *held*, that a bill for an accounting and to enjoin the action at law cannot be maintained by the complainant; that under the provisions of 3 Comp. Laws, §§ 10402, 10403 (5 How. Stat. [2d Ed.] §§ 13116, 13117), an issue might be framed and the question of settlement determined in the action of replevin. See, also, 3 Comp. Laws, § 10090 (5 How. Stat. [2d Ed.] § 12742).

4. SAME—SUGGESTION—ISSUES—PRACTICE.
   A suggestion is a statement formally entered on the record of some fact or circumstance material to the further proceedings in the case which cannot be regularly pleaded.

Appeal from Menominee; Flannigan, J. Submitted April 23, 1915. (Docket No. 69.) Decided June 8, 1915.

Bill by C. J. Huebel Company against Donald L. MacKinnon and another for an accounting, an injunction and further equitable relief. From an order overruling the demurrer of defendants to said bill of complaint, defendants appeal. Reversed.

*Sawyer & Sawyer,* for complainant.
*Michael J. Doyle,* for defendants.

STONE, J. This case is before us upon the appeal of defendants from an order overruling their general demurrer to the bill of complaint. The ground of the demurrer was that complainant had not stated such a case in its bill as entitled it to any relief in a court of equity, and that the matters stated therein were such as might be tried and determined in a suit at

law; with respect to which the complainant was not entitled to any relief in a court of equity.

The bill of complaint sets forth with great particularity the facts: That the complainant had had dealings with the defendants by which the latter agreed to transport by water a large amount of cedar posts and other forest products from various points, and deliver them to the complainant at Menominee, at an agreed freight rate. That defendants represented that they had boats and barges of sufficient capacity to carry 60,000 cedar posts at a single cargo, for which they would charge $1,000, which sum complainant agreed to pay. That complainant advanced to defendants the sum of $400 to apply on such freight charges, and that it also, in the process of loading said cargo, paid to apply on said freight agreement for the use of defendants the further sum of $223.25, as a fee for stowing charges of the men employed on said boat by said defendants. That on the 18th day of July, 1913, said defendants came to Menominee with a cargo of posts, and tied their barge to complainant's pier in the city of Menominee. That the barge was an old craft, long out of repair, and defendants informed complainant that she had come near sinking several times with her cargo, and that it was with great difficulty that they had been able to keep her pumped out and afloat. That thereupon complainant provided men to promptly unload said posts, whereupon the defendants made claim that there were $600 their due for freight on said cargo, and refused to permit the unloading of any posts until such further sum of $600 was paid in cash, and threatened that if the same was not paid they would untie the barge and tow her with her cargo into the bay. At this time complainant had not received any report of inspection at the time of loading said cargo, and was ignorant of the quantity of posts which was

on board the barge. Upon being informed by defendants that the cargo contained about 42,000 posts, complainant immediately offered to pay defendants such sum as should be due over and above the amount already paid, computing the freight on the number of posts loaded on the basis of $1,000 for 60,000 posts, which offer said defendants then and there refused, again saying that they would accept nothing less than the further sum of $600 in cash. The complainant thereupon demanded of said defendants the right to unload and possess said posts, expressing a willingness to pay them the balance due them for said freight. That the same was refused, and, as the defendants were financially irresponsible, and believing that they would carry out their threats, the complainant sued out of the circuit court for the county of Menominee, on the 18th day of July, 1913, a writ of replevin for the said cargo of posts, wherein this complainant was plaintiff and said defendants were defendants, and placed said writ in the hands of the sheriff of said county to be executed. That the sheriff of the county immediately, and in the afternoon of said day, seized and replevied the said cargo of posts then being aboard the said barge, but too late to remove or inventory the same that day, and left a custodian in charge thereof, said defendants also continuing in possession and charge of the boat, and leaving a watchman thereon. That on the morning of the following day complainant was informed, as was the fact, that said barge, with its cargo, had sunk during the night in the river where it was tied at said pier. That in the sunken condition of the barge it was impossible for the sheriff to inventory or remove all of the cargo, and that—

"negotiations were immediately renewed between the parties hereto for a settlement of the controversy. Complainant then had in mind that it had paid to and for the defendants to apply on such freight bill

only the sum of $600, whereas it had actually paid the sum of $623.25, and this complainant computed that the freight bill for said cargo at the number of pieces then claimed by the defendants to be therein, and which number this complainant now alleges to be correct according to the inspection report thereof, would aggregate the sum of $700, and this complainant then made and delivered to the said defendants its check for the further sum of $100, and again demanded the surrender of possession of said posts, which surrender was still refused by said defendants, and further negotiations were then and there had, resulting in an agreement between the parties hereto, on a settlement of the matter there in controversy by the payment by complainant to defendants of the still further sum of $100 by way of compromise, that being $123.25 in excess of the amount of such freight according to the claims of complainant, and by the surrender of the possession of said posts to said complainant with the right to immediately unload the same. That thereupon the complainant paid the said defendants, and the said defendants received said further sum of $100, and said defendants surrendered the possession of said posts to said complainant with the right to remove the same from said barge, and the said sheriff was relieved by agreement between the parties from the care and custody thereof, and this complainant has taken and received said property pursuant to said settlement.

"(12) That shortly thereafter complainant requested of said defendants a stipulation for the dismissal of said replevin suit, and it was claimed by said defendants that the same was not fully settled, and that there was still a balance of $400 due the defendants from complainant on account of said freight on said cargo, and the defendants wholly refused to abide or recognize that said suit had been settled, or to permit the same to be dismissed.

"(13) That thereupon, as complainant is informed and verily believes and charges the fact to be, its attorneys in that case presented to the attorney for defendants therein a request for a stipulation as to the payments that had been made since the commencement of the suit, and that the issue be tried out in that case as to the balance of the freight still remain-

ing due. if any, but that said defendants' attorney so refused to stipulate, and threatened to default complainant and take judgment against it unless a declaration was filed in the cause, and that thereupon and because thereof, and to prevent the injustice of such a judgment, and in the hope that the facts occurring subsequent to the issuing of the writ might be permitted in evidence, the complainant herein through its attorneys caused its formal declaration to be filed in said cause, to which the defendants have pleaded the general issue.

"(14) That said replevin suit was brought on for hearing at the last term of said court, and this complainant, as plaintiff therein, sought to give in evidence proofs of the payments made and settlement had subsequent to the issuing of said writ of replevin, which said proofs, under the objection of the defendants, were rejected by the court, and this complainant was thereby debarred the privilege of proving in that case the true facts now existing regarding the controversy therein, without which proofs, and due consideration thereof, justice cannot be done, and great injustice may be done this complainant, as the plaintiff therein.

"(15) That at said trial the plaintiff therein, this complainant, was granted a continuance, with privilege to amend its pleadings therein as its counsel might be advised is proper for the purpose of submitting to the court by the complainant the facts and transactions that have occurred subsequently to the commencement of said suit, and that said replevin action now stands upon the records of said court in that condition.

"(16) That your orator is informed by his counsel and verily believes, and charges the fact to be, that under the strict rules and regulations applicable to practice in replevin suits there is no way provided by which the complainant, as the plaintiff therein, can bring into that case by any form of pleading the facts that have occurred by way of payment of freight charges, or of full settlement of such charges, for which the defendants in that action claim a special interest by way of lien, and that, as a consequence, this complainant is without remedy in the matter, except in a court of equity."

The bill prays for an accounting, and that the defendants may be enjoined from further proceeding in said suit of replevin, and that said suit may be declared settled between the parties and dismissed, and the bond therein canceled; and the bill also contains a prayer for general relief.

The single question in the case, in our opinion, is whether or not the plaintiff in the replevin suit, and the complainant here, had a full and adequate remedy at law in the premises.  The situation is anomalous and somewhat unusual, owing to the peculiar conditions attaching to the action of replevin.  Although not directly alleged, yet we infer from the prayer that the complainant gave in the replevin suit the statutory bond.

At first blush it would seem as though, if the plaintiff in the replevin suit claimed that the same had been settled, it might discontinue its suit upon payment of costs; but the difficulty arising there would be that the defendants would be entitled to a return of the property, or a judgment at least to the extent of their interest therein, at the time of the commencement of the suit, and, the complainant being, as alleged, financially responsible, such judgment might be collected, without resort to an action upon the replevin bond.  Under our decisions, in an action on the replevin bond, the defendant in that suit (the plaintiff in the original suit) might show in mitigation of damages that the obligees in the bond had no interest in the property.  We have spent some time in the examination of our authorities, and the authorities outside of this jurisdiction, to determine whether the complainant has an adequate remedy in the replevin suit.  If it has, there is no occasion to resort to a court of equity.  We have reached the conclusion that the matter is fully provided for by our statute, and that an issue can be framed upon the question whether or not the replevin suit has been settled.

We gather from the bill that there was no written stipulation or agreement signed by the parties to discontinue the suit, but that the agreement rests in parol. Circuit Court Rule 39 provides that:

"No private agreement or consent between the parties to a cause, or their attorneys respecting the proceedings in a cause, which shall be denied by either party, shall be binding, unless the same shall have been made in open court, or unless evidence thereof shall be in writing subscribed by the party or his attorney against whom the same is alleged."

It has been held, however, that where there is a misunderstanding between counsel, it is an ordinary exercise of the power of the court to relieve a party who has acted in good faith on a verbal agreement, notwithstanding this rule which has been in existence, in one form or another, for many years. *Scott v. Scott*, 5 Mich. 106; *Campbell v. Barclay*, 4 Biss. 517, Fed. Cas. No. 2,352. And it has been held, as to a similar rule, that it did not apply to an agreement to discontinue a cause under special circumstances. *Gaillard v. Smart*, 6 Cow. (N. Y.) 385; *Turner v. Burrows*, 1 Hill (N. Y.), 627.

We think the learned trial judge was not in error in holding that the question of the alleged settlement, when asserted at least by a plaintiff, could not be tried under the ordinary issue in the replevin suit, as the action is to be tried under the declaration and plea upon the state of facts existing at the time of its institution (Wells on Replevin, p. 674) ; nor could it be disposed of upon mere motion or affidavit.

Under the heading "General Provisions Concerning Actions," section 10402, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13116), provides that:

"Whenever a suggestion shall be made upon the record, or in any stage of the proceedings in any cause, which the adverse party shall have a right to controvert, a copy of such suggestion shall be served

upon the adverse party or his attorney, in the same manner as other pleadings, and such party may plead thereto, according to the practice of the court, in the same manner, and within the same time, as to a declaration."

The next section provides that:

"If an issue of fact be joined upon any such suggestion, the same shall be tried, and judgment rendered thereon, as on other issues."

The succeeding sections provide for the practice. A suggestion is a statement, formally entered on the record, of some fact or circumstance which will materially affect the further proceedings in the case, but which for some reason cannot be pleaded. Under this statute many such issues have been framed and tried, as will appear by a reference to the following cases: *Haywood* v. *Johnson,* 41 Mich. 598 (2 N. W. 926); *Stringer* v. *Dean,* 61 Mich. 196 (27 N. W. 886); *Muskegon Booming Co.* v. *Circuit Judge,* 97 Mich. 622 (57 N. W. 190); *Turner* v. *Tunnel Co.,* 102 Mich. 574 (61 N. W. 72), see note; *Caille Bros. Co.* v. *Circuit Judge,* 155 Mich. 480 (120 N. W. 6); *Grand Rapids, etc., R. Co.* v. *Circuit Judge,* 161 Mich. 181 (126 N. W. 56); *Foley* v. *Railroad Co.,* 168 Mich. 496 (134 N. W. 446); 1 Green's Michigan Practice, p. 220; 1 Abbott's Practice (Mich.), § 947.

Section 10090, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 12740), provides for a reference to try such an issue as is here indicated. We are therefore of opinion that complainant has an adequate remedy at law in the replevin suit, and that the circuit court should have sustained the demurrer and dismissed the bill of complaint.

The order of the circuit court is therefore reversed, with costs to the defendants.

BROOKE, C. J., and MCALVAY, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.