[Crim. No. 1822.   Second Appellate District, Division One.—August 7, 1929.]

THE PEOPLE, Appellant, v. RICHARD MACKIE, Respondent.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, Buron Fitts, District Attorney, and William R. McKay, Deputy District Attorney, for Appellant.

John F. Groene for Respondent.

. HAHN, J., *pro tem.*—To an information filed by the district attorney of Los Angeles County, wherein it was charged that the defendant and respondent "did wilfully, unlawfully and feloniously and intentionally escape from the lawful care, custody and control of the State Narcotic Hospital at Spadra, Los Angeles County, California, and . . . then and there being in the lawful care, custody and control of the said Hospital and the said Superintendent thereof, under and by Virtue of a valid commitment issued by the Superior Court of the State of California in and for the County of San Francisco, on or about October 16th, 1928, adjudging said defendant to be a drug addict, in accordance with the provisions of that certain Act and Statute entitled and known as the 'Narcotic Rehabilitation Act,' Statutes of 1927, approved April 9th, 1927, . . . and more particularly Section 3 of said Act," the defendant and respondent filed a

general demurrer alleging "that the facts stated do not constitute a public offense." The trial court sustained the demurrer and dismissed the information. From this ruling the district attorney has appealed.

Section 107 of the Penal Code, under which the information was drawn, reads as follows: "Every prisoner charged with or convicted of a felony who is confined in any jail or prison or an inmate of any public training school or reformatory or county hospital, or who is engaged in any county road or other county work or who is in the lawful custody of any officer or person, who escapes or attempts to escape from such jail, prison, public training school, reformatory or county hospital, or from the custody of any officer or person in whose lawful custody he is, is guilty of a felony and is punishable as provided in section one hundred eight of the Penal Code."

The sole question here involved is whether or not a person committed to a state hospital for narcotic addicts who thereafter escapes or attempts to escape from such hospital, comes within the purview of the above-quoted section of the Penal Code. While the section in question by reason of its extended wording and numerous phrases, more or less connected by disjunctives and modifying clauses, presents the opportunity for varying interpretations, a careful examination of the section, together with its history, would seem to leave no doubt but that its provisions were intended by the legislature to be limited to those who have been charged with a public offense and while in legal custody, either awaiting trial or after conviction, escape or attempt to escape from the prison or other place where the custodial restraint is being exercised. The language at the outset, "Every prisoner," etc., would seem to limit the application of this section to those who are "prisoners." The term "prisoner" is commonly used in law to designate a person in legal custody charged with some crime or public offense, And while it is true the section includes the words "county hospital" and "reformatory," as well as "jail" and "prison," these institutions are included because quite commonly persons charged with crimes are detained in the county hospital pending trial, or committed to some reformatory. In the case of *In re Haines*, 195 Cal. 605 [234 Pac. 883], the opinion includes an extended and thorough dis-

cussion of the history and purpose of section 107 of the Penal Code. The opinion specifically points out that the reason for the inclusion in the section of "county hospitals" and "reformatories" is the fact that those charged with crime are often detained in the county hospital or committed to a reformatory. It would seem to require no discussion to justify the conclusion that the section in question would not be applicable to one charged with insanity and who, either pending a hearing or subsequent to a court's commitment, escapes from the county hospital.

Clearly, the section in question is applicable only to those escaping, or attempting to escape, who are in custody charged with some public offense.

It may be urged that one committed to the state hospital for narcotic addicts is there detained as a prisoner and that in some way in so becoming a narcotic addict a public offense has been committed.

■ The law under which the defendant was committed to the state hospital was adopted in 1927 and is entitled the "Narcotic Rehabilitation Act." (Stats. 1927, chap. 89, p. 149.) Among other things, it provides for a method of bringing into court those who have become addicted to the use of narcotics and thereafter upon a hearing before the court without a jury, the court is empowered to commit such person to the state hospital for narcotic addicts for a period of not less than eight months and not more than two years. The very title of the act, as also its provisions, indicate its purpose as social rather than penal. The fact of being a narcotic addict is nowhere denounced as a crime, nor is there language in the act that justifies such an interpretation. It is true that the addict is restrained of his liberty while in the hospital, but that is a circumstance made necessary because of the effect of the drugs upon the conduct of the addict and the length of time required to accomplish his cure. The superintendent or medical director has the power, when in his opinion a cure has been accomplished, to discharge the addict. The entire act is clearly intended for the treatment of the addict from the standpoint of accomplishing a cure of the disease. It will be noted that the act nowhere provides for a jury trial for one charged with being a narcotic addict, as would be his right if he were charged with a public offense.

Addiction to the use of narcotics is to-day recognized as a disease rather than a crime. One committed to the narcotic state hospital for treatment would more properly be classified as a patient than as a criminal. His status is reasonably comparable to that of one charged with insanity and committed to the state hospital for treatment.

From the foregoing considerations, it follows that the information does not state a public offense and that the demurrer was properly sustained.

Judgment affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 20, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 3, 1929.

All the Justices present concurred.