400 P.2d 339

**STATE of Arizona, Appellee,**

v.

**Joseph R. PILL, Appellant.**

**2 CA–CR 4.**

Court of Appeals of Arizona.

March 31, 1965.

Rehearing Denied April 22, 1965.

Transferred to Supreme Court May 5, 1965.

Review Denied June 2, 1965.

Robert W. Pickrell, former Atty. Gen., Darrell F. Smith, Atty. Gen., Norman E. Green, County Atty., Carl Waag, Deputy County Atty., Pima County, for appellee.

Bernard I. Rabinovitz, Tucson, for appellant.

KRUCKER, Chief Judge.

Defendant, Joseph R. Pill, aged 25, was charged with grand theft and passing a forged check. He was represented by counsel and, on December 31, 1963, entered a plea of guilty to each charge. Separate informations were filed as to each charge. Sentencing was set and duly held on January 7, 1964, in the Superior Court of Pima County, Honorable John F. Molloy presiding.

The defendant and his counsel, as well as a deputy county attorney and a court reporter, were present. The original reporter's transcript of the proceedings at the time of sentencing was not included in the record on appeal, but counsel for appellant produced a copy at the time of oral argument. This copy has since been signed by the court reporter, filed with the clerk of the Superior Court of Pima County, Arizona, on March 11, 1965, and delivered to this Court. In considering the copy at the time of arguments, neither counsel objected to the form or questioned the correctness or content thereof.[1]

---

1. The original transcript of proceedings on sentencing cannot be located and we are advised that the court reporter's notes have been removed from the file and destroyed.

The charge of grand theft involved the removal of valuable stones from a ring which was entrusted to the defendant by a female friend, and which were replaced by less valuable stones. The forged check was in the name of the same female friend.

The court, after due hearing and prior investigation, sentenced the defendant to the Arizona State Prison for not less than six nor more than eight years on the grand theft charge and then adjudged a similar sentence on the forgery charge, the sentences to run consecutively.

There are only two assignments of error. First, that the court abused its discretion in failing to investigate the mitigating circumstances where there was an indication of the same in the record. Appellant relies on Rule 336, Rules of Criminal Procedure, 17 A.R.S.:

"Rule 336. Inquiry into mitigating or aggravating circumstances

"When the court has discretion as to the penalty to be inflicted on the defendant, it shall, upon suggestion of either party that there are circumstances which may properly be taken into consideration, hear evidence as to the circumstances summarily in open court, either immediately or at a special time and upon such notice to the adverse party as the court directs, or the court may inquire into such circumstances of its own motion."

We hold that there need not be a complete formal hearing with testimony at every criminal sentencing. In this appeal we find no such suggestion was made. We quote from the transcript of sentencing:[2]

"Mr. Slutes:

"I have a couple of comments, Your Honor, if I might. On both charges, that is the grand theft and the check charge, I believe the complaining witness is the same in both, and I'm informed by the defendant's sister that restitution will be made on both matters, the $25 check and the ring. She

has informed me that the—if she could come down here—the plaintiff—and testify for Mr. Pill. I do think it is somewhat significant she doesn't bear him the ill-will she did at one time. If the court could grant this defendant probation he could go to work. He is a heavy equipment operator and can get a job with the sand and gravel company.

\*    \*    \*    \*    \*    \*

"THE COURT:

"We have a rather lengthy probation report on you indicating what I would consider to be a long record of prior offenses. You steal from your friends, and the probation officer feels that you are a menace to society. I'm sorry to see a young man like yourself who appears to have at least ordinary ability and that you should turn in this direction. Our country needs good men, desparately, but not this kind. Is there any legal cause as to why the Court should not now pass sentence?

"MR. SLUTES:

"None, Your Honor."

As to the offense of passing a forged check the court asked if the defendant wished to say anything further. Counsel's response was as follows:

"MR. SLUTES:

"And we have no legal cause now, Your Honor, sentence may be passed at this time."

There was no "suggestion" to hear other circumstances within the definition of the word as set out in Rule 336, supra.

"SUGGESTION.  \*  \*  \*

"In practice. A statement, *formally entered on the record,* of some fact or circumstance which will materially affect the further proceedings in the cause, or which is necessary to be brought to the knowledge of the court in order to its right disposition of the action, but which, for some reason,

2. Mr. Slutes represented the defendant at the time of sentencing.

cannot be pleaded. * * *. C. J. Huebel Co. v. Mackinnon, 186 Mich. 617, 152 N.W. 1098, 1100." (Emphasis supplied) Black's Law Dictionary, 4th Edition, page 1602.

The trial court considered the circumstances summarily in open court. Counsel cites State v. Fenton (1959) 86 Ariz. 111, 341 P.2d 237; cert. denied (1959) 361 U.S. 877, 80 S.Ct. 142, 4 L.Ed.2d 115, as authority to support his contention that there should have been a hearing. This case only stands for the fact that the requested hearing should be complete and is not limited to consideration of the mitigating or aggravating circumstances of the offense charged. In Fenton there was a hearing under Rule 250, Rules of Criminal Procedure, 17 A.R.S., and a complete hearing was held as to mitigating circumstances in the fixing of the penalty where a life or death sentence was involved, but the case does not hold that a complete hearing must be held in a case such as the one here before this Court.

The second assignment of error is that Rule 339, Rules of Criminal Procedure, 17 A.R.S., providing for consecutive sentencing is unconstitutional as denying the defendant equal protection of the laws and due process of law.

Appellant cites no authority in point to support this position, except State v. Hutton (1960) 87 Ariz. 176, 349 P.2d 187. In that case defendant was given a sentence of not less than twenty-three years nor more than twenty-five years for burglary and grand theft. The court pointed out that the maximum punishment for burglary was fifteen years and for grand theft ten years, and said that the running of the two near maximum sentences, consecutively, was excessive and too severe. It held that the defendant could legally be sentenced for both the crimes of burglary and grand theft but it did not feel, under the circumstances of that case, that they should run consecutively, as such sentences were too severe. In the case before this Court they were not maximum sentences and the learned trial judge had thoroughly investigated the situation, being aided by the report of the Adult Probation Officer.

Justice Shaw of the Supreme Court of Illinois very appropriately and accurately stated the position of a convicted felon in the case of People v. Riley (1941) 376 Ill. 364, 33 N.E.2d 872, 875, 134 A.L.R. 1261, cert. denied (1941) 313 U.S. 586, 61 S.Ct. 1118, 85 L.Ed. 1542, when he said:

"* * * After a plea of guilty admitted murderers are in a much different position. As such they are felons. Instead of being clothed with a presumption of innocence they are naked criminals, hoping for mercy but entitled only to justice."

It is ordered that the judgment be affirmed.

HATHAWAY, J., and JACK G. MARKS, Superior Court Judge, concurring.

NOTE: The Honorable John F. Molloy being disqualified, the Honorable Jack G. Marks, Judge of the Superior Court, Pima County, was called to sit in his stead and participate in the determination of this decision.