419 P.2d 739

**STATE of Arizona, Appellee,**

v.

**William Frank ADAMS, Appellant.**

**No. I CA–CR 90.**

Court of Appeals of Arizona.

Nov. 9, 1966.

Rehearing Denied Dec. 9, 1966.

Review Denied Jan. 4, 1967.

Darrell F. Smith, Atty. Gen., by Philip W. Marquardt, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

CAMERON, Judge.

This is an appeal from a denial by the trial court of defendant's motion to vacate an alleged void judgment and conviction. The motion was made some three years after the defendant completed the serving of the sentence.

We are called upon to determine:

I.  If the question is moot.

II.  If a motion to vacate a void judgment and sentence is a proper means of attacking an allegedly invalid judgment under the Arizona Rules of Criminal Procedure.

III.  If the alleged escape is a crime within the meaning of the Arizona statute (13–393 A.R.S.).

In 1959, defendant entered a plea of guilty to the crime of escape by a county prisoner, a felony. He was adjudged guilty by the court and sentenced to not less than two nor more than five years in the Arizona State Prison.

In November of 1965, defendant filed, in the Superior Court of Maricopa County,

a handwritten "Motion to Vacate a Void Judgment and Sentence." He alleged:

"That petitioner ran off from the County Hospital—Maricopa County—State of Arizona, and escape from the county hospital is not a crime by Arizona statute."

The motion was denied. Defendant appealed. Upon his affidavit of indigency and request for counsel, the Public Defender was appointed to represent him.

The circumstances surrounding the conviction are as follows: ·

In September of 1957, defendant was a prisoner in the Maricopa County Jail awaiting trial on a forgery charge. The statement of facts upon conviction filed by the County Attorney, pursuant to § 11–533 A.R.S., and approved by the court recites that, on the 6th of that month, he feigned illness and was sent to the County Hospital for treatment. While on the grounds of the County Hospital, he escaped from the paddy wagon with the help of a confederate who cut through a lock on the paddy wagon with bolt cutters. Defendant left in the paddy wagon, and it was later found abandoned.

Some two years later defendant was arrested, and brought before a Justice of the Peace charged with escape. He was informed of the charges and his right to counsel and waived preliminary hearing. Upon his arraignment in Superior Court, he waived the presence of his counsel, waived the reading of the information, and pleaded not guilty. On 19 May 1959, defendant appeared with counsel, withdrew his previous plea, and entered a plea of guilty to the escape charge.

The records of the Arizona State Prizon indicate that the defendant served two years of his two to five year sentence and was paroled. Thereafter, he was returned as a parole violator, and released by expiration of sentence 22 March 1962.

He is now serving a ten to twelve year sentence in the same institution for burglary.

## QUESTION I

█ The State of Arizona contends that defendant has served the sentence from which he appeals, has been released, and therefore the question is moot. We disagree:

"A moot case is one which seeks to determine an abstract question which does not arise upon existing facts or rights." State ex rel. Sullivan v. Patterson, 64 Ariz. 40, 165 P.2d 309 (1946).

In the present situation, by contrast, a determination of this matter could well be crucial to the defendant. He is once again incarcerated in the State Prison, where presence of this conviction on his record will bear heavily on his chance for parole. Therefore we hold that the question is not moot.

## QUESTION II

The State next contends that the defendant has selected the incorrect remedy and therefore has no standing to test the sufficiency of the conviction. With this we cannot agree.

█ If defendant's contention, that he did not commit a crime is correct then the trial court had no jurisdiction, and the judgment is void. Eyman v. Deutsch, 92 Ariz. 82, 373 P.2d 716 (1962).

█ It is true that a motion to "vacate a void judgment" is not contemplated by the criminal rules, but our Supreme Court has stated:

"Where relief may be granted by extraordinary writ, this court may grant the appropriate relief, even though the writ applied for or the motion made is not aptly titled. We look to substance not to form." Goodman v. State, 96 Ariz. 139, 140, 393 P.2d 148, 149 (1964).

In the Goodman v. State case, supra, the Arizona Supreme Court treated a "Motion to Arrest Judgment and Sentence" and "Motion to Dismiss" as a petition for writ of habeas corpus. This remedy is no longer available to defendant because he is not in custody under the conviction he questions.

Garvey v. State ex rel. Eyman, 1 Ariz.App. 580, 405 P.2d 832 (1965); see also United States v. Bradford, 194 F.2d 197 (2nd Cir., 1952); Wilson v. Commonwealth, 403 S.W. 2d 710 (Ky., 1966); Crow v. United States, 186 F.2d 704 (9th Cir., 1950).

■ Our Supreme Court has recently stated that relief from the operation of a judgment may be made within a reasonable time and that:

> "The trial court in the absence of a specific rule or statute has inherent jurisdiction to modify and vacate its own judgments and orders in criminal cases." State v. Lopez, 96 Ariz. 169, 172, 393 P.2d 263, 266 (1964).

In the instant matter, the case relied upon by defendant, Goodman v. State, supra, was not handed down by our Supreme Court until approximately 5 years after judgment and sentence. We do not feel, under the facts, that defendant's delay in filing the motion to be unreasonable. A "Motion to Vacate and Void Judgment and Sentence" could properly be entertained by the trial court.

## QUESTION III

On 10 June 1964, our Supreme Court decided the case of Goodman v. State, supra. This appeal is prosecuted on the belief that the ruling in Goodman established the invalidity of defendant's convictions:

> "Any escape by a prisoner from lawful custody was an offense at common law * * *. In Arizona, common law crimes have not survived. There must be a statute specifically prohibiting the act." Goodman, supra, 96 Ariz. page 141, 393 P.2d page 149.

The statute concerned is 13–393 A.R.S.:

> "A person who, *being confined in a county jail,* escapes therefrom, is guilty of a felony if the confinement is upon a charge, arrest, commitment or conviction for a felony * * *." (Emphasis ours.)

The court in Goodman went on to say:

> "We hold that when the legislature said, 'county jail' it meant 'county jail' and

did not intend to include the county hospital." Goodman v. State, supra, 96 Ariz. page 141, 393 P.2d page 150.

Defendant-Goodman was in the Maricopa County Jail awaiting sentence for burglary. The Supreme Court quoting from the statement of facts upon conviction, prepared by the County Attorney and signed by the trial judge, noted that defendant was transferred from the jail to the hospital for a mental examination:

> "(he) was placed in Ward 70 with leg iron restraint on his left leg. * * * (S)ome man who was visiting another patient saw his leg iron and the following day brought him a hack saw blade." Goodman, supra, pages 140, 141, 393 P.2d page 149.

Thus, the facts indicate that the escape in Goodman v. State, supra, was conceived and perpetrated entirely within the confines of the hospital. A fortuitous meeting with a hospital visitor gave defendant the means of making his escape and probably triggered his intent.

■ According to our statement of facts upon conviction, contained in the record before this Court and not questioned by counsel, defendant Adams began the perpetration of his escape while in the jail by feigning illness in order that he might be transferred to the County Hospital. Thus, the record indicates that the escape began as a subterfuge *within the jail.* The fact that the final act of the drama took place beyond jail walls does not remove the transaction from the purview of § 13–393 A.R.S., and we do not believe that Goodman v. State, supra, is applicable to this case.

Judgment is affirmed.

DONOFRIO, J., and WILLIAM W. NABOURS, Superior Court Judge, concur.

NOTE: Chief Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge WILLIAM W. NABOURS was called to sit in his stead and participate in the determination of this decision.