425 P.2d 588

**The STATE of Arizona, Appellee,**

v.

**Joseph R. PILL, Appellant.**

**No. 2 CA–CR 78–2.**

Court of Appeals of Arizona.

March 24, 1967.

Darrell F. Smith, Atty. Gen., Phoenix, William J. Schafer, III, Pima County Atty., Tucson, for appellee.

Ralph E. Seefeldt, Tucson, for appellant.

HATHAWAY, Chief Judge.

The defendant pleaded guilty to charges of grand theft and passing a forged check and consecutive sentences of imprisonment were subsequently imposed. An appeal was taken to this court in 1965, and, finding that the defendant's contentions with regard to his sentence were without merit, we affirmed the judgment. See State v. Pill, 1 Ariz.App. 132, 400 P.2d 339 (1965); review denied by Supreme Court.

The defendant proceeded to file assorted petitions for writs of habeas corpus in the superior and appellate courts of this state, all of which were denied. He then filed in Pima County superior court a mo-

tion to vacate his sentence which was duly denied, as was a motion to reconsider. This appeal followed.

The "motion to vacate," prepared and filed pro se by the defendant, purports to attack the validity of the judgment of conviction on the grounds that the trial court lacked jurisdiction. The claimed jurisdictional defect is that defendant was deprived of his constitutional right to a preliminary hearing. Before considering the merits of defendant's claim, we consider it necessary to consider the appealability of the subject order.

We have previously passed upon this very question, holding that a denial of a motion to vacate a sentence and judgment is not an appealable order within the purview of A.R.S. § 13–1713; State v. Edge, 2 Ariz.App. 147, 148, 406 P.2d 865 (1965).[1] We have reconsidered our holding in *Edge*, supra, and to the extent that it holds there is no appeal from a denial of a motion to vacate a judgment and sentence, we retract such holding.

A.R.S. § 13–1713 provides for an appeal by a defendant from:

"1. A final judgment of conviction.

"2. An order denying a motion for a new trial or denying a motion for an arrest of judgment, or from an order made after judgment affecting the substantial rights of the party.

"3. A sentence on the grounds that it is illegal or excessive."

■ Although the Rules of Criminal Procedure make no provision for setting aside a void judgment, the trial court has inherent power to modify or vacate its own judgments and orders in criminal cases. State v. Lopez, 96 Ariz. 169, 172, 393 P.2d 263 (1964); State v. Adams, 4 Ariz.App. 298, 419 P.2d 739 (1966), rev. den. 1967. As pointed out in these cases, the only requirement is that a motion seeking relief from the operation of the judgment be made within a reasonable time. We hold, therefore, that an order refusing to set aside a void judgment of conviction, upon motion made within a reasonable time after judgment, is an order affecting substantial rights, hence appealable under A.R.S. § 13–1713. See People v. Hall, 115 Cal. App.2d 144, 251 P.2d 979 (1953); People v. Thomas, 52 Cal.2d 521, 342 P.2d 889 (1959).

■ However, notwithstanding such an order is appealable, it was not intended to provide a means of procuring successive appeals from the same judgment. The legislature has seen fit to provide for appeal from the final judgment of conviction *or* from certain post-judgment orders. This does not mean that one aggrieved by such judgment may appeal from the judgment, prosecute an appeal therefrom resulting in affirmance of the judgment, and then return to the trial court to start the process all over again. The defendant Pill, just as the defendant in State v. Edge, supra, availed himself of appellate review and failed to raise the question which he now seeks to raise.

■ It is well settled that all questions raised on appeal and all that *might have been raised* are finally adjudicated and cannot be relitigated by means of habeas corpus. State ex rel. Ronan v. Superior Court, 94 Ariz. 414, 385 P.2d 707 (1963); Eyman v. Cumbo, 99 Ariz. 8, 405 P.2d 889 (1965). As the Supreme Court of this state said in State ex rel. Galbraith v. Superior Court, 22 Ariz. 452, 197 P. 537 (1921):

"The question is: Could [the trial judge] legally entertain the petition for habeas corpus and thereby review the judgment of this court. We answer the inquiry emphatically in the negative."

22 Ariz. at 455, 197 P. at 538.

■ We believe this principle equally applicable to appeals such as is herein in-

---

1. Although the appeal was dismissed, this court did consider the questions raised by the defendant and pointed out that the issues had already been decided adversely to the defendant on appeal from the final judgment.

volved. We hold, therefore, that no appeal lies from an order denying a motion to vacate a judgment of conviction on a ground which could have been reviewed on appeal from the judgment. People v. Bowles, 135 Cal.App. 514, 27 P.2d 411 (1933); People v. Zolotoff, 48 Cal.App.2d 360, 119 P.2d 745 (1941); People v. Thomas, supra.

It is interesting to note that counsel appointed to represent defendant in this appeal has filed his affidavit with the court stating that he has fully examined the record below and finds no error in the proceedings. The affidavit details the proceedings and indicates that the defendant, according to the justice court record, waived preliminary examination. Defendant was represented by counsel at arraignment and when he entered his plea of guilty.

The trial court's order is hereby affirmed.

KRUCKER, J., and FENTON, Superior Court Judge, concur.

NOTE: Judge JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge NORMAN S. FENTON was called to sit in his stead and participate in the determination of this decision.