### 35052. DIX v. THE STATE.

NICHOLS, Chief Justice.

Horace Dix appeals from the denial of his extraordinary motion for new trial. His conviction and death sentence for the murder of Dixie Jordan were affirmed in *Dix v. State,* 238 Ga. 209 (232 SE2d 47) (1977), to which reference should be made for a full fact statement.

His first enumeration of error contends that he was entitled to a hearing to determine his mental competence to stand trial. More specifically, he contends that his inability to recall the events surrounding the killing precluded him from assisting his counsel in his defense during both the guilt-innocence and sentencing phases of his trial. He further contends that his mental condition precluded a knowing and intelligent waiver of his right to a hearing on that issue. Dix next asserts that the trial court erred in denying his extraordinary motion for new trial on the procedural ground that the evidence of his two psychiatrists presented during the hearing on the motion

was not newly-discovered. His third enumeration of error is based upon Sandstrom v. Montana, — U.S. — (99 SC 2450, 61 LE2d 39) (1979).

The state contends that the testimony of Dix's two psychiatrists during the hearing on the extraordinary motion was in no respect newly-discovered; rather, that this evidence merely was cumulative of other evidence as to Dix's mental condition that was known to Dix's retained counsel during the guilt-innocence and sentencing phases of his trial and used by his legal counsel as the basis for contentions that Dix was not legally responsible for his actions at the time of the offense. This court most carefully has reviewed this testimony and agrees with the state that Dix could have used these witnesses during his trial, and, further, that the substance of their testimony merely is cumulative of the findings of the psychiatrists of the Forensic Services Division of Central State Hospital who examined Dix thoroughly over a period of several days. Dix's two psychiatrists, both of whom spoke with him only briefly, agreed with the state's psychiatrists as to the nature of Dix's mental condition, albeit they preferred to use different labels, or no labels, to describe his mental condition. Put simply in layman's terms, both of his psychiatrists believed him when he told them that he still does not have any recollection of the events surrounding the death of Dixie Jordan, although he does not deny that he killed her. This court concludes that the evidence of Dix's two psychiatrists presented during the hearing on the extraordinary motion for new trial was not newly-discovered; rather, that it merely was cumulative of other evidence known at trial. *Emmett v. State,* 232 Ga. 110, 117 (205 SE2d 231) (1974).

Any errors regarding his competence to stand trial and relating to whether the charge of the court was impermissibly burden-shifting could and should have been raised in his direct appeal and cannot now be raised by the vehicle of an extraordinary motion for new trial. *Goodwin v. State,* 240 Ga. 605 (242 SE2d 119) (1978).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 10, 1979 — DECIDED OCTOBER 16, 1979.

*Millard C. Farmer, August F. Siemon*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney, Arthur K. Bolton, Attorney General*, for appellee.