## 35772. GADDIS v. THE STATE.

PER CURIAM.
Defendant appeals from denial of an extraordinary motion for new trial in which he enumerated the following errors: (1) that the trial court erred in unlawfully excluding blacks and women from the grand and traverse

jury panels; (2) that the trial court erred in charging that "A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts"; and (3) that the trial court erred in failing to charge the jury that they are to consider mitigating, as well as aggravating, circumstances in determining whether to impose a death sentence and are not bound to render a death penalty upon proof of aggravating circumstances.[1]

Defendant's motion was properly denied because those enumerations are not proper subjects for consideration by extraordinary motion for a new trial. *Goodwin v. State*, 240 Ga. 605 (242 SE2d 119) (1978); *Dix v. State*, 244 Ga. 464 (260 SE2d 863) (1979); *Blake v. State*, 244 Ga. 466 (260 SE2d 876) (1979); *Douthit v. State*, 244 Ga. 471 (260 SE2d 875) (1979). As stated in Ga. Prac. and Proc., § 19-3 (4th ed.): "[I]n no event will the motion be good unless the movant could not, by the exercise of proper diligence, have known of the grounds thereof in time to have incorporated them into the ordinary motion for new trial."

The state's motion to consolidate this appeal with the habeas corpus appeal of *Birt v. Hopper*, 245 Ga. 221, post (1980) is denied.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 21, 1980 — DECIDED FEBRUARY 6, 1980.

*Millard C. Farmer, Joseph M. Nursey, Andrea I. Young,* for appellant.

*H. Reginald Thompson, District Attorney, Richard A. Malone, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.

---

[1] Defendant's death penalty was affirmed in *Gaddis v. State*, 239 Ga. 238 (236 SE2d 594) (1977).