61952. GRANT v. THE STATE.

QUILLIAN, Chief Judge.

Isaiah Grant appeals from the denial of his motion for new trial on October 15, 1980. The record reflects that Isaiah Grant, Rosemary Moore, and William B. Martin were indicted for armed robbery of the Krispy Kreme Doughnut Office on Ponce de Leon Avenue, Atlanta - December 3, 1976. Following their conviction all three defendants appealed to this Court and the case was docketed July 1, 1977. At that time, armed robbery was an offense within the appellate jurisdiction of the Supreme Court (See *Collins v. State,* 239 Ga. 400 (236 SE2d 759)) and we transferred the appeal to them. The Supreme Court decided all enumerated errors adversely to the three defendants. *Moore v. State,* 240 Ga. 210 (240 SE2d 68) (1977).

Defendant Grant filed a "Motion for New Trial" with the trial court on July 3, 1980, alleging the general grounds and two other

general allegations of error. The motion was heard and denied September 12, 1980. Appeal followed to this Court on October 15, 1980. We dismissed for failure to timely file the appeal. *Grant v. State,* 157 Ga. App. 390 (278 SE2d 53).

On February 19, 1981, the trial court — "[d]ue to good and sufficient cause being shown" granted this "out of time" appeal which is now before us for decision.

Defendant enumerates three errors: (1) the general grounds, (2) the refusal of the trial court to grant a mistrial because a member of the jury saw him handcuffed as he was being returned to a detention cell at the end of the day, and (3) inadequacy of his counsel at trial.

The Georgia Supreme Court has affirmed this conviction and expressly held that the trial court did not err in failing to grant a mistrial because one of the jurors may have seen the defendant in handcuffs. See 240 Ga. at 212-213 supra. Counsel has not suggested how this Court can avoid the constraint of Art. VI, Sec. II, Par. VIII, of our Constitution that "decisions of the Supreme Court shall bind the Court of Appeals . . ." Code Ann. § 2-3108. In addition, the Supreme Court emphatically advises all: "'The judgment of affirmance or reversal, by this court, of the judgment of the court below is not the subject of review. This is a court of the last resort, and it would be an extraordinary law indeed that would justify such a review.'" *Lankford v. Holton,* 196 Ga. 631, 633 (27 SE2d 310).

The general rule is that when a judgment of conviction is affirmed by an appellate court, no ordinary second appeal will be allowed. *Cox v. Hillyer,* 65 Ga. 57 (1); *Harris v. Roan,* 119 Ga. 379 (1) (46 SE 433); see also *Turner v. Harper,* 234 Ga. 891 (218 SE2d 621); see generally 24 CJS 971, Criminal Law, § 1633. Two exceptions are noted — an extraordinary motion for new trial and habeas corpus. Code Ann. § 70-303 (Code § 70-303); *Griffin v. Brand,* 18 Ga. App. 641 (90 SE 90); *Irwin v. Downie,* 224 Ga. 616 (163 SE2d 749); see also 8 Ga. L. Rev. 321.

As nomenclature is not dispositive of the type motion made, we will consider the content of the motion. This is not a motion to set aside a verdict and judgment because that is not an appropriate remedy in a criminal case. *Waits v. State,* 204 Ga. 295 (1) (49 SE2d 492). Neither is a motion to vacate an appropriate remedy in a criminal case. *Parker v. State,* 151 Ga. App. 139 (259 SE2d 145). This motion cannot be considered as an application for a writ of habeas corpus as the writ was not filed in the county of his detention. Code Ann. § 50-127 (3) (Ga. L. 1967, pp. 835, 836; as amended through 1975, pp. 1143, 1145). (Defendant was "serving another sentence received in Superior Court of Clayton County . . .") It does not meet the

4

requirements for a writ of error coram nobis *(South v. State,* 72 Ga. App. 79 (1) (33 SE2d 23)) — an ancestor of the current extraordinary motion for new trial. *Waye v. State,* 239 Ga. 871, 873 (238 SE2d 923).

Motions for new trial are required to be filed within 30 days of rendition of judgment "except in extraordinary cases" and this application was not made until two years after appellate confirmation of the conviction by the Supreme Court. (See Code Ann. § 70-301 as amended through Ga. L. 1957, pp. 224, 235). We have found no valid ground asserted in the motion which would justify it to be considered as an extraordinary motion for new trial. See *Goodwin v. State,* 240 Ga. 605 (242 SE2d 119); *Dix v. State,* 244 Ga. 464 (260 SE2d 863); *Blake v. State,* 244 Ga. 466 (260 SE2d 876); *Gaddis v. State,* 245 Ga. 200 (265 SE2d 275); *Birt v. Hopper,* 245 Ga. 221 (265 SE2d 276).

Although the trial court found "good and sufficient cause" to allow an "out of time" appeal — this is not just an "out of time" appeal. This is an "out of time" appeal that follows affirmance of the conviction on the first appeal. This is a *second* appeal. And, as a general rule a criminal defendant may not attack his conviction piecemeal. Hodsdon v. Superior Court, 239 A2d 222 (Del. 1968); State v. Pill, 425 P2d 588 (4) (5 Ariz. App. 277) (1967); State v. Pierson, 489 P2d 23 (107 Ariz. 386) (1971). In the absence of statute, the defendant is entitled to but one appeal — barring some extraordinary reason. *Cox v. Hillyer,* 65 Ga. 57 (1), supra; *Harris v. Roan,* 119 Ga. 379 (1), supra; see generally 24 CJS 971, supra; see also State v. Pill, 425 P2d 588 (3), supra; State v. Ash, 242 S2d 535 (257 La. 337) (1971); Call v. McKenzie, 220 SE2d 665 (W. Va. 1975).

We have found no valid reason for a second appeal. The appeal will be dismissed.

*Appeal dismissed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 19, 1981.

*Lawrence Lee Washburn III,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Thomas Jones, Margaret V. Lines, Assistant District Attorneys,* for appellee.