A92A0533. WALLS et al. v. THE STATE.
(419 SE2d 344)

BEASLEY, Judge.

Walls and Claude appeal from their judgments of conviction and sentence following denial of their joint motion for new trial. The motion was filed beyond the time statutorily provided. OCGA § 5-5-40 (a). However, this was with permission of the court, apparently for the reason that new counsel was not appointed for post-conviction proceedings until after 30 days had elapsed. The motion was an extraordinary motion, allowed under OCGA § 5-5-41. A direct appeal is authorized, because it is not separate from the original appeal. If it had been, an application would first have been necessary. OCGA § 5-6-35 (a) (7).

Appellants, inmates at the Lee Correctional Institute, were individually indicted for aggravated assault against two other inmates. Walls was charged with two counts of violating OCGA § 16-5-21 (a) (2) in that he assaulted the two victims with a deadly weapon, a homemade knife. Claude was charged in a single count with aiding and abetting Walls in the commission of one aggravated assault. They were jointly tried and convicted of all charges.

Enumerated as error on hearsay grounds is the admission into evidence of six photographs of the crime scene bearing descriptive notations allegedly implicating appellant Walls as the perpetrator of the attacks, and admission of the knife which bore the engraving, "E. Walls," on the handle.

1. The photographic evidence was introduced through the testi-

mony of a victim who testified that each photograph accurately depicted the scene as it existed after his attack. Neither appellant objected. At the conclusion of its case-in-chief, the State moved for the admission of the photographs. Although the trial court expressly invited objection from counsel, none was raised. Failure to object to the admissibility of the photographic evidence by either appellant at any time prior to verdict, constituted a waiver *Johnson v. State,* 255 Ga. 703 (3) (342 SE2d 312) (1986); *Viener v. State,* 150 Ga. App. 175, 177 (2) (257 SE2d 22) (1979); *Smith v. State,* 123 Ga. App. 269 (180 SE2d 556) (1971).

2. Error is enumerated with respect to admission of the knife, for the reason that the etching of appellant Walls' name, performed by an officer after commission of the crimes, constituted impermissible hearsay.

The exhibit was initially identified by a victim as the knife with which he was stabbed. Neither appellant objected. It was also identified by a corrections officer as the knife confiscated on the night of the assaults. He explained that it was standard procedure to engrave the inmate's name on it "to make sure . . . that we can positively identify this as the knife that we took and who was involved with it." The foregoing testimony was received without objection.

When the State sought admission of the exhibit at the conclusion of its case-in-chief, appellant Claude asserted no objection. Counsel for appellant Walls merely stated: "[T]he only objection I would have is, of course, Mr. Walls' name is written on it, but I guess it was testified to the jury that it was done the night it was confiscated." An objection on hearsay grounds was neither raised nor passed on in the trial court. " ' "[W]here an entirely different objection is presented on appeal, we cannot consider it because this is a court for review and correction of error committed in the trial court." (Cit.)' [Cit.]" *Warren v. State,* 185 Ga. App. 108, 111 (3) (363 SE2d 357) (1987). It is well established that appellate courts may not consider objections to evidence not raised at trial." *Sales v. State,* 199 Ga. App. 791, 792 (2) (406 SE2d 131) (1991).

*Judgments affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 27, 1992.

*Betty S. Frazer,* for appellants.
*John R. Parks, District Attorney, Barbara A. Becraft, Assistant District Attorney,* for appellee.