## A97A0360. BALKCOM v. THE STATE.
(489 SE2d 129)

BIRDSONG, Presiding Judge.

Arthur Lee Balkcom appeals his conviction of felony involuntary manslaughter and the denial of his motion for new trial. *Held*:

The State has moved to dismiss this appeal because as a direct appeal, it is untimely, and as an appeal from an extraordinary motion for new trial, it has not been brought by the required discre-

tionary appeals procedure. For the following reasons the State's motion is granted.

Appellant was convicted of involuntary manslaughter on September 16, 1994, and no notice of appeal or motion for new trial was filed within 30 days as statutorily required to perfect a direct appeal. OCGA § 5-6-38 (a). On January 23, 1995, however, appellant filed a pro se motion for out-of-time appeal, but this motion was never ruled on by the trial court. Later, on March 23, 1995, appellant filed a pro se extraordinary motion for new trial, and on June 8, 1995, he filed a pro se notice of appeal of the trial court's failure to rule upon his extraordinary motion for new trial. After appellant filed a motion for appointment of counsel in September 1995, the trial court apparently granted this motion as counsel entered an appearance on behalf of appellant on February 23, 1996. On August 1, 1996, appellant's counsel filed an amended motion for new trial which referred to appellant's pro se extraordinary motion for new trial. After the trial court denied the extraordinary motion on September 13, 1996, on September 23, 1996, appellant's attorney filed a notice of appeal purporting to appeal from the 1994 judgment of conviction and the denial of the extraordinary motion for new trial. The appeal was docketed with this Court on October 3, 1996.

Contrary to the dissent's contention, the trial court did not merely unartfully refer to the motion as an extraordinary motion for new trial. After appointed appellate counsel entered the case, counsel filed a motion, captioned an amended motion for new trial, that amended "the motion for new trial previously filed by [Balkcom] pro se as an extraordinary motion for new trial." Therefore it is apparent that Balkcom, the State, and the trial court all considered this motion for what it was — an extraordinary motion for new trial. Even on appeal Balkcom does not contend that this motion was anything other than an extraordinary motion for new trial. Although the dissent relies upon OCGA § 5-5-41, this section, which regulates extraordinary motions for new trial, adds nothing to the dissent's argument.

Moreover, this appeal does not concern a ruling on a motion for out-of-time appeal or a motion for out-of-time motion for new trial. Even though Balkcom filed a pro se motion for an out-of-time appeal, the trial court did not rule on that motion before appellate counsel was appointed, and Balkcom's appointed appellate counsel apparently abandoned the pro se motion for out-of-time appeal by not seeking a ruling on it. Additionally, this record does not support, nor does Balkcom contend, the trial court granted authority for Balkcom to file an out-of-time motion for new trial. Therefore, this was an extraordinary motion for new trial.

Disposition of this motion raises questions concerning the proper

procedure for appealing the denial of an extraordinary motion for new trial. Under OCGA § 5-6-35 (a) (7), the discretionary appeals procedures are required for "[a]ppeals, when separate from an original appeal, from the denial of an extraordinary motion for new trial." It appears that the legislature, being well aware of the appellate practice in this state, contemplated that most extraordinary motions for new trial would be filed subsequent to and separate from an original appeal, and, thus, would be subject to the discretionary appeals procedure.

Nevertheless, when presented with the question of what appellate procedure is required when no timely notice of appeal was filed and only an extraordinary motion for new trial is filed, a panel of this Court held that the denial of an extraordinary motion for new trial was directly appealable, as it was not separate from the original appeal in the case. *Walls v. State*, 204 Ga. App. 348 (419 SE2d 344). Further reflection reveals, however, that this case is an anomaly because its effect is to allow a party to avoid the consequences of failing to file a timely direct appeal simply by filing an extraordinary motion for new trial. As this practice would be contrary to that contemplated by our legislature in normal appellate circumstances, to the extent *Walls* can be read to authorize such a procedure, it must be overruled. To do otherwise would thwart the legislative intent expressed in OCGA § 5-6-38 (a) by allowing direct appeals of judgments entered more than 30 days before the notice of appeal was filed.

The fact that the notice of appeal filed on September 23, 1996, in this case designates both the judgment of conviction and the denial of the extraordinary motion for new trial as the subject of the appeal does not render this case subject to a direct appeal. Regardless of that designation, because no viable direct appeal was filed in this case, the appeal of the denial of appellant's extraordinary motion for new trial is, perforce, separate from the original appeal. Consequently, this is an appeal of the denial of the extraordinary motion for new trial which was filed "separate" from an "original appeal," within the meaning of OCGA § 5-6-35 (a) (7). A direct appeal does not lie.

In addition, the position taken in *Walls v. State*, supra, was rejected by the majority of this Court in the whole court case of *Bohannon v. State*, 203 Ga. App. 783 (417 SE2d 679) (*Bohannon I*). Although *Bohannon I* was reversed by our Supreme Court (see *Bohannon v. State*, 262 Ga. 697 (425 SE2d 653) (*Bohannon II*)), the reversal was based on the conclusion that the appeal arose from the trial court's grant of an out-of-time motion for new trial, and not from disagreement with the rationale espoused in *Bohannon I*. The Supreme Court held that "[t]he judgment of the Court of Appeals is

reversed because the record shows that the trial court granted an out-of-time appeal and, consequently, this case is not subject to the rules governing extraordinary motions for new trial; that is, no application for appeal was required. We disagree with the Court of Appeals that by seeking (and obtaining) permission to file an out-of-time *motion for new trial* rather than an out-of-time *appeal*, Bohannon was necessarily pursuing an extraordinary motion for new trial." (Emphasis in original.) Id.

Under these circumstances the majority's rejection of the dissent's position in *Bohannon I* is still valid: "If the dissent's analysis were correct, neither a civil nor a criminal appellant would *ever* have to comply with the jurisdictional 30-day limitation established by OCGA § 5-6-38 (a). A civil or criminal appellant could simply file an extraordinary motion for new trial, asserting therein only issues that could and should have been raised in a timely motion for new trial, and then secure a direct appeal by filing a notice of appeal within 30 days of the denial of the extraordinary motion for new trial. Whatever else OCGA § 5-6-35 (a) (7) means, it does *not* purport to *confer direct* appellate jurisdiction to consider the *merits* of issues that could and should have been raised in a timely motion for new trial. The law is otherwise clear that an extraordinary motion for new trial is properly denied and will be affirmed on appeal if the motion raises only issues that could and should have been raised in a timely motion for new trial. *Gaddis v. State*, [245 Ga. 200 (265 SE2d 275)]. The law is also otherwise clear as to the proper method by which a criminal appellant can secure a direct appellate review of issues that could and should have been raised in a timely motion for new trial. That method is to secure leave to file an out-of-time appeal by demonstrating that the lack of diligence was attributable to his counsel and not to himself. *Cannon v. State*, [175 Ga. App. 741 (334 SE2d 342)]. It is that proper method which appellant in the instant case must follow. To hold, as the dissent suggests, would penalize neither civil nor criminal appellants for their own lack of diligence in pursuing their appellate rights and would effectively repeal the jurisdictional 30-day limitation established by OCGA § 5-6-38 (a)." (Emphasis in original.) *Bohannon I*, supra at 784.

Further, as *Walls v. State*, supra, was decided on May 27, 1992, after the whole court opinion in *Bohannon I*, decided on March 13, 1992, but well before the Supreme Court's reversal in *Bohannon II* on February 5, 1993, it was inconsistent with whole court precedent and, thus, is of doubtful precedential authority. Moreover, considering our Supreme Court's decision in *Bohannon II*, it is also doubtful that *Walls* still stands for the proposition it asserted. In *Bohannon II*, the Supreme Court held that the motion in question was not an extraordinary motion for new trial because the trial court gave per-

mission to file an out-of-time motion for new trial. *Bohannon II*, supra at 697. As permission was obtained from the trial court to file the motion in *Walls*, the same reasoning should apply, and the appeal in *Walls* was from the denial of an out-of-time motion for new trial rather than from an extraordinary motion for new trial. Therefore, *Walls* was overruled, sub silentio, by the Supreme Court in *Bohannon II*. To remove all doubt, however, today we specifically overrule *Walls v. State*, supra.

These questions arise from the statement in OCGA § 5-6-35 (a) (7) that extraordinary motions for new trial are subject to the discretionary appeals procedures "when separate from an original appeal," without defining that phrase. The whole court majority in *Bohannon I* held the term meant when separate from the original *timely* appeal in a case. We re-affirm that holding.

One cannot refuse or neglect to file a timely notice of appeal, wait for years to pass, file an extraordinary motion for a new trial, and then file a direct appeal from the denial of that motion by bootstrapping the unauthorized direct appeal to an untimely direct appeal. A timely filed notice of appeal is an absolute requirement to confer jurisdiction on the appellate court. *Jordan v. Caldwell*, 229 Ga. 343 (191 SE2d 530); *Moody v. Moody*, 141 Ga. App. 185, 186 (233 SE2d 385). Consequently, the jurisdiction of this Court cannot be based upon an *untimely* direct appeal over which the Court has no jurisdiction.

Moreover, OCGA § 5-6-36 (a) by indicating which extraordinary motions for new trial are not separated from the original appeal tacitly shows what is intended by "when separate from the original appeal." Although captions of Code sections are not part of the law (OCGA § 1-1-7; *Brown v. Earp*, 261 Ga. 522, 523-524 (407 SE2d 737)), the caption for OCGA § 5-6-36 ("Filing of motion for new trial and motion for judgment notwithstanding verdict *where appeal taken from judgment*, ruling, or order" (emphasis supplied)) gives some idea of the General Assembly's intent. This Code section contemplates that some extraordinary motions for new trial will be made before the record on appeal is forwarded to the appellate court and provides that when "matters complained of arise or are discovered subsequent to verdict or judgment which otherwise would not appear in the record, such as newly discovered evidence, and in other like instances, a motion for new trial or other available procedure shall be filed and together with all proceedings thereon shall become part of the record on appeal." Otherwise, according to OCGA § 5-6-36 (a), the motion for new trial need not be transmitted as part of the record on appeal. Thus, this section contemplates a record that is being prepared as part of a timely appeal, and not some case that was final because no appeal was taken or because an appeal was taken and

decided. Therefore, any extraordinary motion for new trial not forwarded with the record of the original, timely filed direct appeal falls within OCGA § 5-6-35 (a) (7), and an application to appeal is required.

Moreover, the notice of appeal is untimely with regard to the attempted appeal of the judgment of conviction entered on September 16, 1994. See generally OCGA §§ 5-6-34 (a); 5-6-37; 5-6-38. Accordingly, to the extent this appeal is from a judgment of conviction, it must be dismissed as untimely. *Thompkins v. State*, 157 Ga. App. 203 (276 SE2d 885).

In any event, the matters asserted in Balkcom's extraordinary motion for new trial concern potential errors that should have been attacked as part of a direct appeal or as part of the motion for new trial filed after judgment. Therefore, these issues are not properly the subject of an extraordinary motion for a new trial. See *Douthit v. State*, 244 Ga. 471 (260 SE2d 875); *Goodwin v. State*, 240 Ga. 605 (242 SE2d 119).

As Balkcom's appeal is untimely or is otherwise subject to the discretionary appeals procedure, it must be dismissed.

*Appeal dismissed. Andrews, C. J., Johnson, Blackburn, Ruffin and Eldridge, JJ., concur. Pope, P. J., and Smith, J., concur specially. McMurray, P. J., and Beasley, J., dissent.*

POPE, Presiding Judge, concurring specially.

Under OCGA § 5-5-41 (b), any out-of-time motion for new trial must be an extraordinary motion for new trial; under OCGA § 5-6-35 (a) (7), any appeal from the denial of an extraordinary motion for new trial must be by application. Thus, it would appear from the statutes alone that the denial of any out-of-time motion for new trial would have to be appealed by application.

Yet in *Bohannon v. State*, 262 Ga. 697 (425 SE2d 653) (1993), the Supreme Court held that when a trial court granted a party permission to file an out-of-time new trial motion and then denied the motion on the merits, it was effectively granting an out-of-time appeal; so its denial of the motion on the merits was appealable without application.

In this case, it does not appear from the record that defendant sought and obtained permission to file an out-of-time appeal. Accordingly, this case is not controlled by *Bohannon*, and I agree with the majority that defendant's failure to file an application must result in dismissal of his appeal.

In *Walls v. State*, 204 Ga. App. 348 (419 SE2d 344) (1992), and in her dissent here, Judge Beasley expresses the view that an application is unnecessary because the appeal from the denial of the out-of-time new trial motion cannot be "separate from an original appeal"

when there was no original appeal. See OCGA § 5-6-35 (a) (7) (applications are required in "[a]ppeals, when separate from an original appeal, from the denial of an extraordinary motion for new trial"). But the clause she relies on is simply a specific application of OCGA § 5-6-34 (d), allowing a direct appeal from the denial of an extraordinary motion for new trial when it can be addressed within the context of an existing appeal from an already appealable order. Language and logic dictate that an appeal from the denial of an extraordinary motion for new trial *is* in fact "separate from an original appeal" whenever there is no original appeal in the case.

Nonetheless, *Walls* need not be overruled, because like the defendant in *Bohannon*, the defendant in *Walls* sought and obtained permission to file an out-of-time motion for new trial. 204 Ga. App. at 348. The specific language indicating that an application was not necessary because the appeal was not separate from the original appeal should be disapproved however.

I am authorized to state that Judge Smith joins in this special concurrence.

BEASLEY, Judge, dissenting.

I respectfully dissent because OCGA § 5-6-35 (a) (7) is not involved. It requires that an application in the nature of a petition for permission to appeal (subsection (b)) be filed in cases in which a party desires to appeal from the denial of an extraordinary motion for new trial when separate from the original appeal. Balkcom's appeal is from the judgment of conviction entered September 16, 1994, and the order denying his amended motion for new trial entered September 13, 1996. The notice of appeal was filed within 30 days of the latter event, and Balkcom's court-appointed attorney filed an affidavit of poverty on his behalf in order to pursue the appeal.

Balkcom has been trying to get an appeal since January 1995 when, four months after his conviction, he filed pro se a motion for out-of-time appeal, explaining that it was not filed by counsel earlier because he could not pay her fee. Two months later, before that motion was acted on, Balkcom pro se filed a pleading which he entitled a "Motion for New Trial" and "Extraordinary Motion for New Trial." He asserted the general grounds, plus ineffective assistance of counsel and voidness of the indictment on its face. The contents of the pleading determine its nature. It set out grounds appropriate to a motion for new trial, not an extraordinary motion. *Goodwin v. State*, 240 Ga. 605 (242 SE2d 119) (1978); *Douthit v. State*, 244 Ga. 471 (260 SE2d 875) (1979); *Gaddis v. State*, 245 Ga. 200 (265 SE2d 275) (1980). Balkcom also sought a copy of the record and transcript by a motion, but no action was taken by the court on either motion so he attempted to appeal the lack of a ruling. Nothing occurred, so he

moved for appointment of counsel in September 1995, and again in November, together with a supporting brief in each instance.

The court eventually did appoint counsel, who entered an appearance on February 23, 1996. After the trial transcript was filed by the court reporter in June, counsel filed an "Amended Motion for New Trial" and argument and citation of authority in support of it on August 1. The motion was based on the general grounds, sought a hearing, and prayed for a new trial.

In light of this, a few days later the court ordered that Balkcom's custodians return him to court for disposition of what the order referred to as the "Motion for New Trial." Hearings are required on motions for new trial but not on extraordinary motions which fail to show any merit. *Dick v. State*, 248 Ga. 898, 899 (1) (287 SE2d 11) (1982). A hearing was held on August 26, and the court entered a denial of the motion on September 13, although it inartfully and inaccurately referred to the matter as a "Motion for Extraordinary Motion for New Trial"; such does not exist in legal procedure and was not attempted by Balkcom. Considering the grounds that were raised, it was an ordinary motion for new trial, as counsel had styled it and as the cases cited above hold. The amended motion raised only the general grounds, and it is evident that the court did not consider the aborted and inappropriate "extraordinary" motion which Balkcom had filed pro se in March 1995, because the court expressly noted that defendant did not file an allegation of ineffective assistance of counsel and ruled that any such allegation would be meritless. The March motion had asserted that ground. It is from the order denying the amended motion and from the conviction that Balkcom appeals.

Balkcom is properly before this Court on a direct appeal. The events which transpired below, and particularly the actions taken by the trial court, demonstrate that the court treated the amended motion as one which met the requirement for consideration on the merits despite its untimeliness. OCGA § 5-5-41 (a) provides: "When a motion for a new trial is made after the expiration of a 30 day period from the entry of judgment, some good reason must be shown why the motion was not made during such period, which reason shall be judged by the court." Appointing counsel long after the 30-day period following judgment, acknowledging the viability of counsel's motion for new trial by having defendant brought back to court from prison, setting and holding a hearing, and denying the motion after considering not only its grounds but also one raised by the court, all demonstrate that the trial court permitted an out-of-time motion for new trial. That is authorized by OCGA § 5-5-41 (a), as judicially con-

strued. *Bohannon v. State*, 262 Ga. 697 (425 SE2d 653) (1993).[1]

Balkcom's appeal, initially sought in January 1995 and never abandoned, should be considered on its merits and decided.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED JULY 15, 1997.

*William D. Phillips*, for appellant.

*Charles H. Weston, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.

---

[1] *Bohannon v. State* (concurred in by six justices) appears to contradict OCGA §§ 5-5-41 (b), 5-5-40 (a), and 5-6-39 (b), which contemplate that motions for new trial must be filed within 30 days of judgment, that no extension of time shall be granted, and that late motions for new trial are considered as a matter of law to be extraordinary motions for new trial. As stated by the Supreme Court in an earlier decision concurred in by all the justices, "there is a distinction between a motion for new trial and an extraordinary motion for new trial. A motion for new trial is one made 'within 30 days of the entry of the judgment on the verdict, or entry of the judgment where the case was tried without a jury.' [OCGA § 5-5-40.] An extraordinary motion for new trial is one made after the time for filing a motion for new trial has expired. See [OCGA §§ 5-5-40; 5-5-41]." (Footnote omitted.) *Dick v. State*, supra at 898-899 (1). See *Gibbs v. State*, 213 Ga. App. 117 (443 SE2d 708) (1994); *Hooks v. State*, 210 Ga. App. 171, 172 (435 SE2d 617) (1993); *King v. State*, 208 Ga. App. 77, 82 (430 SE2d 640) (1993) (Beasley, P. J., concurring specially), overruled on other grounds, *Glover v. State*, 266 Ga. 183 (465 SE2d 659) (1996). We are bound to follow *Bohannon*, supra, which allows a motion for new trial on general grounds to be filed late and not be considered an extraordinary motion for new trial, if the trial court is satisfied of good reason for the delay and grants leave to do so.