## A04A2110. CLARK v. THE STATE.

(613 SE2d 1)

SMITH, Presiding Judge.

Robert Lee Clark, Jr. appeals pro se from an order entered March 26, 2004, denying his motion for new trial in one case and his motion to withdraw guilty pleas in two other cases. For the reasons that follow, we dismiss his appeal.

Clark was found guilty by a jury on one charge of a multicount

---

indictment on March 2, 1999.[1] He entered guilty pleas on two other charges the following day.[2] Five years later, on March 19, 2004, Clark filed his pro se motion for new trial and to withdraw the pleas.[3]

1. We first address Clark's motion to withdraw the guilty pleas. The motion was filed long after the expiration of the same term of court in which the final dispositions were entered. "It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea." (Citation and punctuation omitted.) *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002). Nor can the motion to withdraw the guilty pleas be considered a motion for new trial; a defendant who has entered a guilty plea cannot move for a new trial, because there was no trial. *Downs v. State*, 270 Ga. 310 (509 SE2d 40) (1998). Clark's only remedy is a habeas corpus proceeding. *Davis*, supra. The trial court had no jurisdiction to rule on Clark's motion as to the guilty pleas, and this court similarly has no jurisdiction to consider an appeal of the denial of the unauthorized motion. The appeal from the denial of the motion to withdraw the guilty pleas must be dismissed.

2. We turn now to the motion for new trial made as to the conviction based upon a jury verdict. That motion was captioned a motion for new trial. Notwithstanding its nomenclature, however, it is apparent from the applicable statutes and the facts that it was, in fact, an extraordinary motion for new trial. See *Balkcom v. State*, 227 Ga. App. 327, 332 (489 SE2d 129) (1997) (Pope, P. J., concurring specially).[4] It was not a timely motion for new trial, and the trial court did not grant leave to file an out-of-time motion or appeal, which is appropriate when a direct appeal has not been taken in a timely manner. *Washington v. State*, 276 Ga. 655, 656 (1) (581 SE2d 518) (2003); *Boney v. State*, 236 Ga. App. 179, 180 (510 SE2d 892) (1999). The trial court apparently treated Clark's motion as an extraordinary motion for new trial and found that it did not meet the requirements for such a motion.

Disposition of Clark's appeal from the denial of that motion requires us to consider whether OCGA § 5-6-35 (a) (7) requires an application for leave to appeal. The statute mandates the discretionary appeal process in all "[a]ppeals, when separate from an original appeal, from the denial of an extraordinary motion for new trial." The

---

[1] Telfair County Superior Court case no. 98R-289.

[2] Telfair County Superior Court case nos. 98R-073 and 98R-296.

[3] We note that as a specific condition of the negotiated plea, Clark agreed to forgo any appeal in all three cases.

[4] As noted in Presiding Judge Pope's concurrence in *Balkcom*, under OCGA § 5-5-41 (b), all out-of-time motions for new trial must be considered extraordinary motions for new trial. Id.

statute does not define the phrase "separate from an original appeal," and its meaning has been the source of some controversy in the past. See *Walls v. State*, 204 Ga. App. 348 (419 SE2d 344) (1992) (denial of extraordinary motion for new trial directly appealable when no original appeal filed), overruled, *Balkcom*, supra at 331. In *Bohannon v. State*, 203 Ga. App. 783 (417 SE2d 679) (1992), a majority of this court held that

> [w]hatever else OCGA § 5-6-35 (a) (7) means, it does not purport to confer direct appellate jurisdiction to consider the merits of issues that could and should have been raised in a timely motion for new trial.... The law is ... otherwise clear as to the proper method by which a criminal appellant can secure a direct appellate review of issues that could and should have been raised in a timely motion for new trial. That method is to secure leave to file an out-of-time appeal.

(Emphasis omitted.) Id. at 784. Although *Bohannon* was reversed on other grounds,[5] the Georgia Supreme Court agreed with the position of the majority of this court regarding the application of OCGA § 5-6-35 (a) (7). The Supreme Court found, however, that the record in that case showed that the trial court had granted Bohannon an out-of-time appeal, rendering compliance with the discretionary appeal procedure unnecessary. Id.

We have found no subsequent cases negating our conclusion that the majority's position in *Bohannon* and our holding in *Balkcom*, supra, are still valid. Moreover, this construction of OCGA § 5-6-35 (a) (7) comports with sound public policy; a contrary holding would permit appellants to flout with impunity the jurisdictional 30-day limitation established by OCGA § 5-6-38 (a). This cannot have been the legislature's intention.

> One cannot refuse or neglect to file a timely notice of appeal, wait for years to pass, file an extraordinary motion for a new trial, and then file a direct appeal from the denial of that motion by boot-strapping the unauthorized direct appeal to an untimely direct appeal. A timely filed notice of appeal is an absolute requirement to confer jurisdiction on the appellate court. Consequently, the jurisdiction of this Court cannot be based upon an untimely direct appeal over which the Court has no jurisdiction.

---

[5] *Bohannon v. State*, 262 Ga. 697 (425 SE2d 653) (1993).

(Citations and emphasis omitted.) *Balkcom*, supra at 331. We hold, therefore, that the phrase "separate from an original appeal" in OCGA § 5-6-35 (a) (7) includes an extraordinary motion for new trial filed in a case in which no "original" appeal has been filed.

Applying these principles to the facts presented in this appeal, we find that Clark filed a motion for new trial five years after his conviction, raising issues that could have been raised in a timely motion for new trial. The trial court therefore properly denied his motion. Clark's appeal, being "separate" because no original appeal was filed, comes within the purview of OCGA § 5-6-35 (a) (7), which requires an application for leave to appeal. This court has no jurisdiction to review Clark's untimely direct appeal. Because Clark did not apply for or receive leave from the trial court to file either an out-of-time motion or an out-of-time appeal, we must dismiss the appeal from his conviction on the jury verdict as well.

3. Clark's motion to supplement the record is denied.

*Appeal dismissed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 26, 2005 —
RECONSIDERATION DENIED MARCH 29, 2005.

Robert L. Clark, Jr., *pro se.*

*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.