# Court of Appeals
# of the State of Georgia

ATLANTA, December 18, 2013

*The Court of Appeals hereby passes the following order:*

**A14A0394.  STANLEY DAVID HOLLIS v. THE STATE.**

In 2009, Stanley David Hollis was convicted of computer pornography and sentenced to fifteen years in confinement and five on probation.  Hollis filed a timely motion for new trial, which he amended in 2010.  In January of 2011, the trial court vacated its sentence for reasons not raised in Hollis's motion for new trial and reduced the sentence to eight years in confinement.  In March of 2011, the trial court denied the motion for new trial.  In 2013, Hollis filed a second motion for new trial. The trial court dismissed the motion on the grounds that the issues raised were resolved in its 2011 order and that Hollis had not asserted any argument that would have urged the court to construe his motion as an extraordinary motion for new trial. Hollis seeks to appeal this ruling.  We, however, lack jurisdiction.

Under OCGA § 5-5-40 (a), a motion for new trial must be filed within 30 days of entry of the judgment of conviction.  If the motion is denied, the defendant may appeal by filing a notice of appeal within 30 days of entry of the order denying the motion.  See OCGA § 5-6-38 (a).  Hollis did not file a timely notice of appeal following the 2011 denial of his motion for new trial.  Rather, he filed a subsequent motion for new trial.

A defendant is not entitled to a second motion for new trial.  See OCGA § 5-5-41 (b); *Balkcom v. State*, 227 Ga. App. 327, 328 (489 SE2d 129) (1997). Even if we construe Hollis's motion as an extraordinary motion for new trial, his appeal is not viable.  An order denying an extraordinary motion for new trial may only be appealed by discretionary application.  See OCGA § 5-6-35 (a) (7); *Balkcom*, supra at 329. Because Hollis did not file either a timely notice of appeal from the 2011 denial of

his motion for new trial or an application for discretionary appeal, we lack jurisdiction. See *Bell v. Cochran*, 244 Ga. App. 510 (536 SE2d 187) (2000) (the "proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court"). This appeal is therefore DISMISSED.

Because Hollis is represented by counsel, he is hereby informed of the following in accordance with *Rowland v. State*, 264 Ga. 872 (452 SE2d 756) (1995):

This appeal has been dismissed because of your counsel's failure to file a timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court enters an order granting your request, you will have 30 days from the filing date of that order to file a notice of appeal referencing your conviction. If the trial court enters an order denying your request, you will have 30 days from the filing date of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The Clerk of Court is directed to send a copy of this order to Hollis as well as to Hollis's attorney, who is also directed to send a copy to Hollis.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 12/18/2013
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*


                    , *Clerk.*