# Court of Appeals
# of the State of Georgia

ATLANTA,  November 03, 2017

*The Court of Appeals hereby passes the following order:*

## A18A0481.  VURTIS ROSS v. THE STATE.

In 1995, Vurtis Ross was convicted of two counts of rape, two counts of kidnapping, two counts of aggravated sodomy, two counts of armed robbery, violation of the Georgia Controlled Substances Act, and possession of a firearm by a convicted felon.  We affirmed his convictions on appeal.  See *Ross v. State*, 231 Ga. App. 793 (499 SE2d 642) (1998).  In 2016, Ross filed a motion to vacate and set aside his conviction and for a new trial.  The trial court dismissed the motion to vacate or set aside the conviction and, construing the motion for a new trial as an extraordinary motion for new trial, denied it.  Ross filed this direct appeal.  We, however, lack jurisdiction for two reasons.

First, a post-conviction motion seeking to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed.  See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).  A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 (1), n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  Ross's motion, however, presented challenges to his convictions, not his sentence.

Second, an order denying an extraordinary motion for new trial must be appealed by application for discretionary appeal.  See OCGA § 5-6-35 (a) (7).  We have no jurisdiction to consider a direct appeal from such an order.  *Gable v. State*,

290 Ga. 81, 82 (1) (720 SE2d 170) (2011); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997).

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   11/03/2017_____*
        *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*



_____, *Clerk.*