# Court of Appeals
# of the State of Georgia

ATLANTA,  November 30, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0704.  MICHAEL FORBES v. THE STATE.**

A jury found Michael Forbes guilty of rape, incest, child molestation, aggravated child molestation, and aggravated sodomy. He was sentenced to twenty years' imprisonment. We affirmed Forbes's convictions on appeal. *Forbes v. State*, 284 Ga. App. 520 (644 SE2d 345) (2007). In 2017, Forbes filed an "Omnibus Petition/Extraordinary Motion to Set Aside Void Judgment on Illegal Sentence," seeking his release from prison based on newly discovered evidence. The trial court denied the motion. Forbes then filed this direct appeal. We, however, lack jurisdiction for two reasons.

First, a post-conviction motion seeking to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed.  See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Forbes's motion, however, presented challenges to his convictions, not his sentence.

Second, to the extent that Forbes's motion can be construed as an extraordinary motion for new trial, he was required to follow the discretionary appeal procedures to obtain appellate review of the trial court's denial. See OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997). Forbes's failure to follow the proper appellate procedure deprives us of jurisdiction to consider his direct appeal.

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__11/30/2017_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*