# Court of Appeals
# of the State of Georgia

ATLANTA, December 21, 2017

*The Court of Appeals hereby passes the following order:*

**A18D0233. ISAAC ROLEWIS PEARSON v. THE STATE.**

In 2000, Isaac Rolewis Pearson was found guilty of kidnapping, burglary, armed robbery, aggravated assault, aggravated battery, hijacking a motor vehicle, and possession of a firearm during the commission of a felony. On appeal, Pearson's convictions were affirmed, but five of his ten firearm possession counts were merged into other offenses. See *Pearson v. State*, 258 Ga. App. 651 (574 SE2d 820) (2002), affirmed in part and reversed in part by *State v. Marlowe*, 277 Ga. 383 (589 SE2d 69) (2003). In July 2017, Pearson filed a motion to vacate the verdict, arguing that his right to a trial by a fair and impartial jury was violated. The trial court denied the motion, and Pearson filed this application for discretionary appeal. We lack jurisdiction.

First, Pearson has failed to provide a filed "stamped" copy of the trial court's denial order with his application, as required by Court of Appeals Rule 31 (c). Without such a copy of the order, we cannot ascertain if the application was filed within 30 days of the day the order was entered by the trial court clerk, which is a jurisdictional prerequisite.  See OCGA § 5-6-35 (d); *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989).

Second, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case[,]" and any appeal from an order denying such a motion must be dismissed. *Harper v. State*, 286 Ga. 216 (686 SE2d 786) (2009); see also *Grant v. State*, 159 Ga. App. 2, 3 (282 SE2d 668) (1981) (a motion to set aside a verdict and judgment is not an appropriate remedy in a criminal case). Accordingly, Pearson's application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 12/21/2017
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*