# Court of Appeals
# of the State of Georgia

ATLANTA, January 24, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0262. ERROL M. WINDHOM v. THE STATE.**

A jury convicted Errol Windhom of armed robbery, and this Court affirmed his conviction. *Windhom v. State*, 326 Ga. App. 212 (756 SE2d 296) (2014). Windhom subsequently filed a motion alleging that his conviction was void because the principal witness against him was incompetent to testify, and an "Application for the Writ of Habeas Corpus Ad Testificandum," seeking to be brought to court for a hearing on the motion. The trial court entered an order on September 27, 2017, dismissing Windhom's filings, citing, in part, the statutory provisions governing a habeas corpus action to challenge a conviction. Windhom filed an application for discretionary appeal, which was initially docketed in the Supreme Court on November 29, 2017. The Supreme Court transferred the application to this Court after finding that the trial court order did not invoke its jurisdiction. We, however, lack jurisdiction over this discretionary application for two reasons.

First, an application for discretionary appeal must be filed within 30 days of entry of the order or judgment to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989). This application, filed 63 days after entry of the challenged order, is untimely.

Moreover, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case[,]" and any appeal from an order denying such a motion must be dismissed. *Harper v. State*, 286 Ga. 216 (686 SE2d 786) (2009); see also *Grant v. State*, 159 Ga. App. 2, 3 (282 SE2d 668) (1981) (a motion to set aside

a verdict and judgment is not an appropriate remedy in a criminal case). Accordingly, Windhom's application for discretionary appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,  01/24/2018*
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*