# Court of Appeals
# of the State of Georgia

ATLANTA, __December 28, 2018__

*The Court of Appeals hereby passes the following order:*

**A19A0669. EARNEST MORROW v. THE STATE.**

Earnest Morrow pled guilty to numerous offenses, including battery, aggravated battery, terroristic threats, and four recidivism counts. Morrow moved to withdraw his plea, and the trial court denied the motion. Following the grant of an out-of-time appeal, this Court affirmed. See *Morrow v. State*, Case No. A13A1732, decided Dec. 16, 2013. Years later, Morrow filed an "Extraordinary Motion for New Trial [as] to Sentence Only," arguing that his counsel rendered ineffective assistance in failing to sufficiently explain the consequences of recidivist sentencing. The trial court denied the motion, and Morrow filed this appeal.

An order denying an extraordinary motion for a new trial must be appealed by application for discretionary appeal. See OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997). To the extent Morrow's motion is properly characterized as an extraordinary motion for new trial, his failure to file a discretionary application deprives this Court of jurisdiction.

In substance, however, it appears that Morrow seeks sentence modification rather than a new trial. Under OCGA § 17-10-1 (f), a sentencing court has the authority to modify a sentence within one year of the date upon which the sentence is imposed, or within 120 days after receipt of the remittitur upon affirmance of the judgment after direct appeal, whichever is later. Beyond this time, a sentencing court may only modify a sentence that is void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A direct appeal may lie from an order denying a motion to vacate a void sentence where the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n. 1 (686 SE2d 786) (2009); *Burg*

*v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones*, supra at 670.

Here, Morrow does not argue that his sentence fell outside the permissible range. Rather, he asserts that he received ineffective assistance of counsel, which is not a colorable void sentence claim. See *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010). For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  12/28/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*