# Court of Appeals
# of the State of Georgia

ATLANTA,  August 05, 2022

*The Court of Appeals hereby passes the following order:*

## A22A1352. KENDRICK D. HEATH v. THE STATE.

After a jury trial, Kendrick Heath was convicted of burglary and other offenses. He filed a motion for new trial, then appealed his convictions and the denial of his motion for new trial. This Court affirmed the judgment in an unpublished opinion. Case No. A16A1839 (Dec. 6, 2016). Heath later filed an extraordinary motion for new trial, which the trial court also denied. We dismissed Heath's direct appeal from that order because he failed to follow the discretionary appeals procedure. Case No. A19A2163 (June 26, 2019).[1] Heath thereafter filed another extraordinary motion for new trial, which the trial court denied. He filed this direct appeal from that order.

As stated in our dismissal order in Case No. A19A2163, an order denying an extraordinary motion for new trial must be appealed by discretionary application. See OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997). Compliance with the discretionary appeals procedure is jurisdictional and this Court cannot accept an appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Thus, Heath's failure to follow the discretionary appeals procedure in this case deprives us of jurisdiction over this direct appeal. See *id*. In addition, Heath's current appeal is barred because the issues he

---

[1] Heath also filed a motion to correct an illegal sentence, which the trial court denied. This Court dismissed his appeal from that ruling because he failed to raise a colorable void sentence claim. Case No. A20A1965 (Aug. 24, 2020).

raises have or could have been litigated in a prior appeal.[2] See *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds.") (punctuation omitted); *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"); *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (dismissal of previous appeal constitutes binding law of the case).

Accordingly, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  08/05/2022

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_
, Clerk.

---

[2] Although Heath cited newly-discovered evidence as the basis for the extraordinary motion for new trial at issue in this appeal (which motion he filed in 2021), he stated that the new evidence was discovered during a motion hearing in November 2015. Heath filed an extraordinary motion for new trial in 2019, and we dismissed his appeal from the denial of that motion in Case No. A19A2163.