# Court of Appeals
# of the State of Georgia

ATLANTA, __November 08, 2023__

*The Court of Appeals hereby passes the following order:*

**A24A0388. MICHAEL ALONZA RUFUS v. THE STATE.**

In 2012, Michael Alonza Rufus was convicted of possession of marijuana with intent to distribute and possession of a firearm during the commission of a felony. He filed a timely motion for new trial, which the trial court denied, and we affirmed his convictions on appeal. *Rufus v. State*, 324 Ga. App. XXVIII (Case No. A13A1416, Sept. 30, 2013). In March 2021, Rufus filed a second motion for new trial based on newly discovered evidence. The trial court denied his motion, and he appeals therefrom.

Rufus's March 2021 motion for new trial must be construed as an extraordinary motion for new trial because it was filed after the trial court denied his first motion for new trial and is based on a claim of new evidence. See OCGA §§ 5-5-40 (a); 5-5-41 (b); *Mitchum v. State*, 306 Ga. 878, 879-882 (1) (a) (834 SE2d 65) (2019). An appeal from the denial of an extraordinary motion for new trial requires compliance with the discretionary appeal procedure set forth in OCGA § 5-6- 35. See OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327, 331-332 (489 SE2d 129) (1997). "The requirements of OCGA § 5-6-35 are jurisdictional, and this court cannot accept an appeal not made in compliance therewith." *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Rufus's failure to file an application for a discretionary appeal deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__11/08/2023_____*
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, Clerk.