# Court of Appeals
# of the State of Georgia

ATLANTA,  August 15, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1809. MARCO MOSES v. THE STATE.**

A jury found Marco Moses guilty of aggravated assault, aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony, and his convictions were affirmed on appeal. See *Moses v. State*, 328 Ga. App. 625 (760 SE2d 217) (2014). Years later, Moses filed an "Unopposed Extraordinary Motion for New Trial or, in the Alternative, to Vacate and Modify Sentence." In his motion, Moses points to evidence at trial indicating he was not the actual shooter.  He also argues that his sentence is excessive given this evidence. Moses thus sought to have the trial court vacate his 25-year sentence him and re-sentence him. The trial court denied the motion, and Moses filed this direct appeal. We, however, lack jurisdiction.

An appeal from an order denying an extraordinary motion for new trial must be made by filing an application for discretionary appeal. See OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997).  "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Thus, to the extent Moses seeks to appeal the denial of his extraordinary motion for new trial, his failure to file an application for discretionary appeal deprives us of jurisdiction over this direct appeal.

To the extent Moses sought modification of his sentence, we are also without authority to consider his appeal. Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348

(691 SE2d 247) (2010). Once, as here, that statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id.; see also *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."). Here, Moses does not argue that his sentence fell outside the permissible range of sentencing. Since he has not raised a colorable void sentence claim, he is unable to file a direct appeal of the trial court's ruling.[1] See *Frazier*, 302 Ga. App. at 348.

---

[1] Moses's motion is more in the nature of a request for clemency, which is properly directed to the State Board of Pardons and Paroles. See Ga. Const. of 1983. Art. IV, Sec. II, Par. II (a) ("Except as otherwise provided in this Paragraph, the State Board of Pardons and Paroles shall be vested with the power of executive clemency, including the powers to grant reprieves, pardons, and paroles; to commute penalties; to remove disabilities imposed by law; and to remit any part of a sentence for any offense against the state after conviction.").

For these reasons, Moses's appeal is hereby DISMISSED for lack of jurisdiction. See *Frazier*, 302 Ga. App. at 348-349; *Balkcom v. State*, 227 Ga. App. at 332.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __08/15/2024_____

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*