# Court of Appeals of the State of Georgia

ATLANTA,  April 29, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1789. STEVEN DONALD LEMERY v. THE STATE.**

In 2012, Steven Donald Lemery was convicted of sex trafficking and other crimes. He filed a motion for new trial, which the trial court denied, and we affirmed his convictions on appeal. *Lemery v. State*, 330 Ga. App. 623 (768 SE2d 800) (2015). In 2024, Lemery filed an extraordinary motion for new trial.[1] On February 10, 2026, the trial court denied this motion, and on March 23, 2026, Lemery filed a notice of appeal. We lack jurisdiction for two reasons.

First, the notice of appeal was not timely filed. A notice of appeal must be filed within 30 days of the entry of an appealable judgment. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Ebeling v. State*, 355 Ga. App. 469, 469 (844 SE2d 518) (2020). Lemery's notice of appeal was filed 41 days after entry of the trial court's order. Although the notice and certificate of service are dated March 8, 2026 — before the expiration of Lemery's 30-day appeal period — the notice was not stamped "filed" by the trial court clerk until March 23. We recognize that, as a pro se prisoner, Lemery depends upon correctional personnel to dispatch his mail. Nevertheless, even though Lemery may have acted promptly after receiving the trial court's order, "his filing did not get to the superior court in time. So we have no jurisdiction over his appeal." Id.

---

[1] Although Lemery labeled his motion, alternatively, as one for new trial, it cannot be construed as such because it was not filed within 30 days of his 2012 convictions. See OCGA § 5-5-40(a).

at 470.

Second, even if Lemery's notice of appeal had been timely filed, he has no right of direct appeal here. Rather, an appeal from an order denying an extraordinary motion for new trial must be initiated by filing an application for discretionary appeal. See OCGA § 5-6-35 (a)(7); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997); see also *Davis v. State*, 182 Ga. App. 736 (356 SE2d 762) (1987). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*  04/29/2026

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*